81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clarence BURGESS, Petitioner-Appellant,
v.
Gary R. McCAUGHTRY, Respondent-Appellee.
 No. 95-1187.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 27, 1996.*
Decided March 27, 1996.
 
 Before CUMMINGS, BAUER, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Clarence Burgess appeals the district court's summary dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the validity of his guilty plea in state court to a charge of attempted first degree intentional homicide on three grounds: (1) that it is a nonexistent offense under Wisconsin law; (2) that his plea not knowing, voluntary, and intelligent; and (3) that he was denied effective assistance of counsel in his first appeal as of right. Because we agree with the district court that his claims are patently without merit, we affirm.
 
 
 2
 Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court shall summarily dismiss a petition where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." See Dellenbach v. Hanks, 1996 WL 48579 (7th Cir. Feb. 7, 1996). Burgess's misapprehension that attempted first degree intentional homicide is a "nonexistent" offense stems from the fact that Count One of the complaint and information brought against him cited Wisconsin's first degree intentional homicide statute, Wis.Stat. § 940.01(1), but not the attempt statute, Wis.Stat. § 939.32(1)(a). When the two statutes are read together it is unmistakably clear that Wisconsin recognizes the offense, and prosecutions for it are routine. See e.g., State v. Pharr, 340 N.W.2d 498, 500-01 (Wis.1983); State v. Peters, 534 N.W.2d 867, 869 (Wis.App.), review denied, 537 N.W.2d 572 (Wis.1995). Because the offense exists, Burgess's argument that the trial court lacked subject matter jurisdiction is without merit. State v. Aniton, 515 N.W.2d 302, 304 (Wis.App.) ("The circuit court lacks criminal subject [ ] matter jurisdiction only where the complaint does not charge an offense known to law."), review denied, 520 N.W.2d 89 (Wis.1994).
 
 
 3
 The question remains whether Burgess was given adequate notice of the charge against him to satisfy due process. As we have stated in the analogous context of a federal indictment: "An indictment is sufficient if it (1) states all the elements of the offense charged, (2) informs the defendant of the nature of the charge, enabling the defendant to prepare a defense, and (3) enables the defendant to plead the judgment as a bar to later prosecution of the same offense." United States v. Allender, 62 F.3d 909, 914 (7th Cir.1995), cert. denied, 116 S.Ct. 781 (1996). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." Id.; see also United States v. Roman, 728 F.2d 846, 850 (7th Cir.), cert. denied, 466 U.S. 977 (1984).
 
 
 4
 The complaint and the information charged Burgess with "attempt[ing] to cause the death of another human being, Cynthia Flowers, with intent to kill that person." Notwithstanding the lack of a citation to the attempt statute, Burgess was informed of all of the essential elements of the crime and given actual notice of the nature of the offense. He attempts now to transform a drafting deficiency into a constitutional violation. We find that the complaint and information more than satisfied the minimum constitutional standards, and that Burgess was convicted of an offense for which he had been clearly charged and prosecuted.
 
 
 5
 Burgess next argues that his guilty plea violated due process because it was not knowing, voluntary, and intelligent. His assertion that the plea was invalid because the offense did not exist fails for the reasons already stated. He also claims that the plea was invalid because his lack of education prevented him from understanding the nature of the plea, because he was under the effect of medication at the time, and because he was nervous. (Appellant's Br. at 24-28.) In a postconviction proceeding, the state trial court found these claims not to be credible, a factual finding to which we accord a presumption of correctness under 28 U.S.C. § 2254(d). See Maggio v. Fulford, 462 U.S. 111, 113 (1983); Armstrong v. Young, 34 F.3d 421, 426-27 (7th Cir.1994) (citing Maggio ), cert. denied, 115 S.Ct. 1369 (1995). Burgess has not provided this court with any reason to question this finding.
 
 
 6
 Finally, Burgess's claim that he was denied effective assistance of counsel is groundless. He briefly asserts that counsel abandoned him by filing a voluntary dismissal of his first appeal as of right without consulting him. The harm, if any, was short-lived: the appeal was later reinstated, and his counsel filed an Anders brief arguing that the appeal had no merit. To demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, Burgess must show "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Burgess's various allegations of his counsel's unprofessional performance all fail to establish ineffective assistance of counsel because none shows that he was in any way prejudiced by counsel's supposed inadequacies. Had counsel performed as Burgess insists he should have, we have no reason to believe the outcome would have differed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record