STATE of Wisconsin, Plaintiff-Respondent,

v.

Chad D. SCHROEDER, Defendant-Appellant.

Court of Appeals

*No. 98–1420. Submitted on briefs January 12, 1999.—Decided February 4, 1999.*

(Also reported in 593 N.W.2d 76.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Patrick Cavanaugh Brennan* of *Brennan, Ramirez, Wilmouth & Sesini, L.L.P.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *David J. Becker*, assistant attorney general.

Before Vergeront, Roggensack and Deininger, JJ.

VERGERONT, J.   Chad Schroeder appeals from an order that denied his postconviction motion challenging his conviction and sentence on two charges of third-degree sexual assault contrary to § 940.225(3), STATS. The charges involved incidents occurring before his eighteenth birthday, but the criminal complaint was not filed until after he turned eighteen. He pleaded guilty to both counts. Schroeder contends that he was entitled to a hearing under *State v. Becker*, 74 Wis. 2d 675, 247 N.W.2d 495 (1976), at which the State had to establish that it did not intentionally delay filing the criminal complaint until after his eighteenth birthday; and that this objection affects the court's "subject matter jurisdiction" and is therefore not waived even though he did not request a *Becker* hearing before he entered his pleas. We conclude that a *Becker* hearing addresses a potential constitutional violation, not the court's subject matter jurisdiction, and that Schroeder waived the right to request a *Becker* hearing when he entered the guilty pleas. We therefore affirm.

## BACKGROUND

The State filed a delinquency petition on December 4, 1990, charging Schroeder with one count of

second-degree sexual assault contrary to § 948.02(2), STATS. (sexual contact or intercourse with a person under sixteen), arising out of an incident that occurred on August 18, 1990. The State also filed a waiver petition about the same time.[1] Schroeder's eighteenth birthday was on February 11, 1991. On February 19, the State amended the juvenile petition to add two additional charges of third-degree sexual assault contrary to § 940.225(3), STATS. (sexual intercourse without consent). The hearing on the waiver petition occurred on March 4, 1991, and the court granted the petition.

On March 28, 1991, the State filed a criminal complaint charging Schroeder with eleven counts of either second or third-degree sexual assault. A second amended complaint added seventeen more counts. Three of the counts were based on the same conduct alleged in the delinquency petition as amended; twenty-three were based on other incidents occurring before Schroeder's eighteenth birthday; and two were

[1] When the delinquency petition was filed, § 48.12(1), STATS., 1989–90, provided that "[t]he court has exclusive jurisdiction, except as provided in ss. 48.17 and 48.18, over any child 12 years of age or older who is alleged to be delinquent. . . ." Section 48.18(1), STATS., 1989–90, provided that after the child's sixteenth birthday or, in certain instances after the fourteenth birthday, "the child or district attorney may apply to the court to waive its jurisdiction under this chapter. . . ." If the judge grants the waiver petition, § 48.18(6), 1989–90, provides: "the circuit court thereafter has exclusive jurisdiction." Sections 48.12 and 48.18, as well as other sections relating to delinquency proceedings contained in the former Chapter 48, STATS., have since been repealed and recodified in Chapter 938, STATS., the Juvenile Justice Code. *See* 1995 Wis. Act 77. Among other changes, the pertinent ages for children subject to the code and to waiver petitions are lower. *See* §§ 938.12 and 938.18, STATS.

based on incidents occurring after Schroeder's eighteenth birthday. Ultimately, the information to which Schroeder pleaded guilty contained five counts of third-degree sexual assault, three of which occurred before Schroeder was eighteen (counts 1, 2 and 3). Only count 1 had been charged in the delinquency petition as amended. Schroeder was sentenced to consecutive prison terms totaling sixteen years on the five convictions.

After an unsuccessful direct appeal raising only an ineffective assistance of counsel issue, Schroeder filed a motion for postconviction relief under § 974.06, STATS., asking the court to vacate the judgments of conviction on counts 2 and 3 of the information because "subject matter jurisdiction as to [those counts] properly rested with the Juvenile Court [and] [t]he Juvenile Court never waived jurisdiction in regard to those charges." Therefore, Schroeder contended, the convictions on those two charges were void and had to be dismissed with prejudice. Alternatively, Schroeder's motion sought an evidentiary hearing under *State v. Becker*, 74 Wis. 2d 675, 247 N.W.2d 495 (1976), which held that when a defendant alleges and makes a prima facie showing[2] that the State delayed in filing a complaint in criminal court for the "purpose of manipulating the system to avoid juvenile court jurisdiction," "jurisdiction in criminal court cannot be maintained" unless the State establishes at a "due-process hearing" that the delay was not for that purpose. *Id.* at 678, 247 N.W.2d at 497. Schroeder contended that he was entitled to

---

[2] According to *State v. Velez*, 224 Wis. 2d 1, 16, 589 N.W.2d 9, 16 (1999), which was decided after this opinion was released, the defendant bears a "burden of production" to make a "prima facie showing of manipulative intent before gaining as a matter of right his or her request for an evidentiary hearing."

such a hearing with respect to counts 2 and 3. The court denied Schroeder's motion, concluding that Schroeder had waived his right to raise his objections to counts 2 and 3 when he entered pleas of not guilty to them.

## DISCUSSION

On appeal Schroeder contends the trial court erred in deciding that he waived the right to raise his objections to counts 2 and 3 by the entry of his guilty pleas because, he contends, those objections challenged the subject matter jurisdiction of the court, and the entry of a guilty plea does not waive objections to subject matter jurisdiction. The State responds that Schroeder's claim that he is entitled to a *Becker* hearing does not affect the court's subject matter jurisdiction but instead implicates a defendant's constitutional right to due process, and guilty pleas do waive any potential constitutional error. Whether a trial court lacks subject matter jurisdiction is a question of law, which we review de novo. *State v. Webster*, 196 Wis. 2d 308, 316, 538 N.W.2d 810, 813 (Ct. App. 1995). A careful reading of the cases upon which both parties rely convinces us that the State's analysis is the correct one.

The general and often-stated rule is that the knowing, voluntary and intelligent entry of a guilty plea waives all "nonjurisdictional defects" preceding the entry of a plea, including constitutional violations and objections to personal jurisdiction, but does not waive objections to subject matter jurisdiction. *Pillsbury v. State*, 31 Wis. 2d 87, 93–94, 142 N.W.2d 187, 191 (1966). In the context of deciding whether certain claims of error were waived by a guilty plea, the court in *Mack v. State*, 93 Wis. 2d 287, 286 N.W.2d 563

711

(1980), discussed the meaning of "subject matter jurisdiction."

> Criminal subject matter jurisdiction is defined as the power of the court to inquire into the charged crime, to apply the applicable law and to declare the punishment in a court of a judicial proceeding. The power is one conferred by law. A court has subject matter jurisdiction where it has been authorized to hear and determine the primary object of the action.
>
> The circuit courts in Wisconsin are courts of general jurisdiction. They have original subject matter jurisdiction of all matters, civil and criminal, not excepted in the constitution or prohibited by law.

*Mack*, 93 Wis. 2d at 294, 286 N.W.2d at 566 (citations omitted). The court then quoted Article VII, Section 8

of the Wisconsin Constitution[3] and § 252.03, STATS., 1975, now § 753.03, STATS.,[4] and continued:

[3] At the time of the defendant's guilty plea in *Mack v. State*, 93 Wis. 2d 287, 294, 286 N.W.2d 563 (1980), Article VII, Section 8 of the Wisconsin Constitution provided:

> **Circuit court, jurisdiction.** SECTION 8. The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law; and appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same. They shall also have the power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, and all other writs necessary to carry into effect their orders, judgments and decrees, and give them a general control over inferior courts and jurisdictions.

Article VII, Section 8 of the Wisconsin Constitution now provides:

> Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law. The circuit court may issue all writs necessary in aid of its jurisdiction.

[4] Section 252.03, STATS., 1975, is substantially the same as § 753.03, STATS., 1997–98, except that the former did not refer to the "court of appeals." Section 753.03, 1997–98, provides:

> **Jurisdiction of circuit courts.** The circuit courts have the general jurisdiction prescribed for them by article VII of the constitution and have power to issue all writs, process and commissions provided in article VII of the constitution or by the statutes, or which may be necessary to the due execution of the powers vested in them. The circuit courts have power to hear and determine, within their respective circuits, all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court; and they have all the powers, according to the usages of courts of law and equity, necessary to the full and complete jurisdiction of the causes and parties and the full and complete administration of justice, and to carry into effect their judgments, orders and other determinations, subject to review by the court of appeals or the supreme court as provided by law. The courts and the judges thereof have power to award all such writs, process and

713

If the criminal complaint is defective, or if the defendant is convicted under an invalid law, the conviction itself is not void. The circuit court still has subject matter jurisdiction to render its judgment. Even where the error in the law or proceedings is fatal to the prosecution, the circuit court has the power to inquire into the sufficiency of the charges before the court.

*Id.* at 295, 286 N.W.2d at 567 (citations omitted).

The court in *Mack* observed one instance in which courts have held a defect was "jurisdictional" and therefore non-waivable—when the complaint fails "to charge any offense known to law." *Id.* (citing *Champlain v. State*, 53 Wis. 2d 751, 754, 193 N.W.2d 868, 871 (1972)); *State v. Lampe*, 26 Wis. 2d 646, 648, 133 N.W.2d 349, 350 (1965). A complaint that charges an offense not known to law is one that omits an essential element of the crime charged as defined by statute or case law. *See Champlain*, 53 Wis. 2d at 754, 193 N.W.2d at 871; *see also State v. Dreske*, 88 Wis. 2d 60, 81, 276 N.W.2d 324, 334 (Ct. App. 1979). We are not aware of any case subsequent to *Mack* that has held any other type of deficiency to be non-waivable. Indeed, relying on *Mack*, we have repeatedly stated: "The circuit court lacks criminal subject-matter jurisdiction *only* where the complaint does not charge an offense known to law." *State v. Aniton*, 183 Wis. 2d 125, 129, 515 N.W.2d 302, 304 (Ct. App. 1994) (emphasis added); *see also Webster*, 196 Wis. 2d at 317, 538 N.W.2d at 813;

commissions, throughout the state, returnable in the proper county.

*State v. West*, 214 Wis. 2d 468, 482, 571 N.W.2d 196, 201 (Ct. App. 1997).[5]

The criminal complaint against Schroeder, and the amended complaints, properly alleged the elements of the crimes of second-degree sexual assault as defined in § 848.08(2), STATS., and third-degree sexual assault as defined in § 940.225(3), STATS., and Schroeder does not contend otherwise. Rather, he contends that the use of the terms "jurisdiction of the juvenile court" and "jurisdiction of the criminal court" or "adult court" in *Becker* and subsequent cases applying *Becker*, demonstrate that an inappropriate motive for the State's delay in charging affects the court's subject matter jurisdiction to adjudicate the criminal charges and is therefore not waived by a guilty plea. We disagree.

The court in *Becker* based its requirement of a hearing on *Miller v. Quatsoe*, 348 F. Supp. 764 (E.D. Wis. 1972), which held that the "[a]dministrators of a state juvenile system may not manipulate administrative procedures so as to avoid state and constitutional procedural rights meant to protect juveniles." *Becker*, 74 Wis. 2d at 677, 247 N.W.2d at 496 (quoting *Miller*, 348 F. Supp. at 766). A reading of *Miller* makes clear that the legal basis for the hearing requirement is not the subject matter jurisdiction of Wisconsin courts, but the Fourteenth Amendment. After referring to §§ 48.12 and 48.18, STATS., (presumably those versions in effect in 1968, when the relevant events occurred), the *Miller* court stated:

---

[5] We have also held that the entry of a guilty plea waived objections to subject matter jurisdiction based on conflicting evidence concerning where the crime occurred. *State v. Bratrud*, 204 Wis. 2d 445, 451, 555 N.W.2d 663, 664 (Ct. App. 1996).

Recognizing that the constitution may not require that the state provide a bifurcated system so as to better provide for the juvenile offender, nevertheless it still remains that when the state chooses to establish such a system, that system must operate in a manner commensurate with the Fourteenth Amendment's demands of due process and equal protection.

*Miller,* 348 F. Supp. at 765–66.

■

Decisions applying *Becker* have recognized that the purpose of the *Becker* hearing is to address the claim of a due process violation. For example, in *State v. Montgomery,* 148 Wis. 2d 593, 595; 436 N.W.2d 303, 304 (1989), the court framed the issue: "Does prosecutorial negligence, by itself, constitute a due-process violation requiring a dismissal of the action if the negligence results in a defendant failing to receive a waiver hearing in juvenile court?" It answered: "We conclude that only an intentional delay by the State to avoid juvenile jurisdiction constitutes a due-process violation which requires a dismissal of the criminal complaint in adult court." *Id.* In *State v. LeQue,* 150 Wis. 2d 256, 258, 442 N.W.2d 494, 495 (Ct. App. 1989), we first concluded that an eighteen year old charged after his eighteenth birthday for an offense allegedly committed when he was fifteen was "subject to adult circuit court jurisdiction,"[6] and then addressed

---

[6] We rejected LeQue's argument that, since he allegedly committed the offenses at an age at which he could not have been waived into adult criminal court under the statute applicable at the time (§ 48.18(1), STATS., 1987–88), the legislature did not intend that charges could be filed in adult criminal court after he turned eighteen. We concluded that the "adult circuit court [had] the authority to determine *all* criminal actions [and

LeQue's argument under *Becker* and *Montgomery*. We described this as an argument that LeQue had "a due process right not to be deprived of the potential benefits of juvenile jurisdiction through deliberate state manipulation designed to avoid juvenile jurisdiction," *LeQue*, 150 Wis. 2d at 267, 442 N.W.2d at 449; and we concluded that the evidence supported the trial court's finding of a lack of manipulative intent.

■

We acknowledge that in *Montgomery*, *LeQue* and *State v. Annala*, 168 Wis. 2d 453, 460, 484 N.W.2d 138 (1992),[7] this court and the supreme court used the terms "subject matter jurisdiction" and "jurisdiction" to describe the authority of the "juvenile court" under Chapter 48, STATS., and the authority of the "adult court" or "criminal court." This usage, in Schroeder's view, supports his argument that his claim of intentional delay affects the subject matter jurisdiction of the circuit court to hear the criminal charges against him. However, our supreme court has recognized that the terms "jurisdiction" and "competence" have been inconsistently used by the courts, with the terms "subject matter jurisdiction" and "jurisdiction" used when the error should properly have been classified as affecting a court's competency to exercise its jurisdiction.

---

t]his authority [was] circumscribed only by the juvenile court's jurisdiction and it is well established that this restriction only exists if the defendant is under the age of eighteen when charged [under the statute then applicable, §§ 48.12(1) and 48.02(3m), STATS., 1987–88)]." *State v. LeQue*, 150 Wis. 2d 256, 264, 442 N.W.2d 494, 498 (Ct. App. 1989) (emphasis included). The supreme court approved this holding in *State v. Annala*, 168 Wis. 2d 453, 460, 484 N.W.2d 138, 141 (1992), and came to the same conclusion.

[7] *See* footnote 5.

*Department of Human Serv. v. H.N.*, 162 Wis. 2d 635, 655, 469 N.W.2d 845, 853 (1991); *see also Mueller v. Brunn*, 105 Wis. 2d 171, 175–77, 313 N.W.2d 790, 792–93 (1982). While subject matter jurisdiction is conferred by the constitution and refers to the power to adjudicate a kind of controversy, competency refers to the "lesser power" of a court, as conferred by the legislature, to adjudicate the specific case before it. *H.N.*, 162 Wis. 2d at 655–56, 469 N.W.2d at 853. Failure to comply with a statutorily mandated procedure does not affect a court's subject matter jurisdiction because it "in no way negates a circuit court's ability to adjudicate the kind of controversy before it"; rather, it affects the court's competency by "prevent[ing] it from adjudicating the specific case before it." *Id.* The supreme court has continued in more recent cases to emphasize "that a circuit court has subject matter jurisdiction, conferred by our state constitution, to consider and determine any type of action." *State v. Kywanda F.*, 200 Wis. 2d 26, 33, 546 N.W.2d 440, 444 (1996); *see also Gillen v. City of Neenah*, 219 Wis. 2d 807, 825–26, 580 N.W.2d 628, 635 (1998).[8]

---

[8] We recognize that the definition of subject matter jurisdiction in *Department of Human Serv. v. H.N.*, 162 Wis. 2d 635, 655, 469 N.W.2d 845, 853 (1991), and similar cases may appear inconsistent with the line of cases recognized in *Mack v. State*, 93 Wis. 2d 287, 294, 286 N.W.2d 563 (1980), and interpreted by this court as holding that a circuit court does not have subject matter jurisdiction over a complaint that does not allege an offense "known to law." *See, e.g., State v. Aniton*, 183 Wis. 2d 125, 129, 515 N.W.2d 302 (Ct. App. 1994). However, we need not address this issue because, as we have stated, Schroeder does not contend that counts 2 and 3 alleged crimes not "known to law."

Relying on the supreme court's definition of subject matter jurisdiction in *H.N.*, we have held that the "exclusive jurisdiction" referred to in § 48.12(1), STATS., 1991–92, is not subject matter jurisdiction. *Michael J.L. v. State*, 174 Wis. 2d 131, 137, 496 N.W.2d 758, 760 (Ct. App. 1993). Rather, because "exclusive jurisdiction" refers to authority conferred by statute and not by the state constitution, "it is more properly referred to as the 'competency' of the court to adjudicate a specific case brought under the juvenile code." *Id.* We specifically noted that in previous cases we had referred to "the apparent grant of jurisdiction" under § 48.12(1) as "statutory jurisdiction" or "subject matter jurisdiction," but stated that we would henceforth "use the term 'competence' when referring to the court's exercise of power in the case before it, where there are no errors affecting personal jurisdiction." *Id.* at 137 n.2, 496 N.W.2d at 760.

We add to our statements in *Michael J.L.* that, besides using the terms "jurisdiction" and "subject matter jurisdiction" when discussing the circuit court's statutory authority to adjudicate delinquency petitions, we, like the supreme court, have also used the terms "juvenile court" and "adult court" or "criminal court." *See Becker*, 74 Wis. 2d at 677–78, 247 N.W.2d at 496–97; *Montgomery*, 148 Wis. 2d at 599, 436 N.W.2d at 305; *LeQue*, 150 Wis. 2d at 258–70, 442 N.W.2d at 495–500; *Annala*, 168 Wis. 2d at 471, 484 N.W.2d at 145. Perhaps this usage creates an impression that these are different courts with different powers. However, they are not. Prior to court reorganization in 1977, the legislature did have the constitutional authority to establish courts with limited jurisdiction inferior to circuit courts in counties and other munici-

palities.[9] It established a county court in each county, vesting exclusive jurisdiction over all proceedings under Chapter 48, STATS., in that court.[10] Correspondingly, before court reorganization, § 48.12 provided that "the *juvenile court* has exclusive jurisdiction" over delinquency actions, § 48.12, 1975, (emphasis added) unless "the *juvenile court* judge" waives his jurisdiction for prescribed reasons. Section 48.18, STATS., 1975 (emphasis added).[11] With court reorganization, the legislature's authority to establish courts of limited jurisdiction inferior to circuit courts was removed from the constitution.[12]Accompanying this change was the deletion in §§ 48.12 and 48.18 of references to "the juvenile court" and "juvenile judge" and the substitution of "court," 1977 Wis. Act 354, §§ 22 and 30, which was

[9]Article VII, Section 2 of the Wisconsin Constitution of 1975 provided in pertinent part:

> **Judicial power, where vested.** SECTION 2. [*As amended April 1966*] The judicial power of this state, both as to matters of law and equity, shall be vested in a supreme court, circuit courts, and courts of probate. The legislature may also vest such jurisdiction as shall be deemed necessary in municipal courts, and may authorize the establishment of inferior courts in the several counties, cities, villages or towns, with limited civil and criminal jurisdiction.

[10]Sections 253.01 and 253.13, STATS., 1975.

[11]This was the language in the versions of §§ 48.12 and 48.18, STATS., applicable in *Miller v. Quatsoe*, 348 F. Supp. 764 (E.D. Wis. 1972), and *State v. Becker*, 74 Wis. 2d 675, 274 N.W.2d 495 (1976).

[12]Article VII, Section 2 of the Wisconsin Constitution now provides:

> The judicial power of this state shall be vested in a unified court system consisting of one supreme court, a court of appeals, a circuit court, such trial courts of general uniform state-wide jurisdiction as the legislature may create by law, and a municipal court if authorized by the legislature under section 14.

720

defined under § 48.02(2m), STATS., as "when used without further qualification, . . . the court assigned to exercise jurisdiction under this chapter." 1977 Wis. Act 449, § 80.

Thus, after court reorganization, the term "juvenile court," properly understood, means the circuit court adjudicating a case under the juvenile code, *see Michael J.L.*, 174 Wis. 2d at 137, 496 N.W.2d at 760, while "adult court" or "criminal court" means the circuit court adjudicating a case initiated with the filing of a criminal complaint. In other words, "juvenile," "adult" and "criminal" in this context refer to the statutes governing the filing and adjudication of the case, not to the type of court.

██

Reading *Becker, Montgomery, LeQue* and *Annala* in light of *H.N.* and *Michael J.L.* permits us to more clearly formulate the purpose and effect of a *Becker* hearing. The competency of a circuit court to adjudicate offenses under the juvenile code in effect at the time relevant to this case required that a delinquency petition alleging the offenses be filed in the circuit court before Schroeder turned eighteen. *See* § 48.12(1), STATS., 1991–92; *LeQue*, 150 Wis. 2d at 264, 442 N.W.2d at 498. Since that did not happen with respect to counts 2 and 3, the circuit court lacked competency to adjudicate those offenses under the juvenile code. *See id.* However, upon the filing of a criminal complaint alleging those counts after Schroeder turned eighteen, the circuit court did have the competence, that is, the statutory authority, to adjudicate those charges under the criminal code. *See id.; Annala*, 168 Wis. 2d at 471, 484 N.W.2d at 145. But, because a delay in filing the criminal complaint for the purpose of avoiding the application of the juvenile code would violate Schroe-

der's right to due process, Schroeder was entitled to request an evidentiary hearing at which the prosecutor would have had the burden of establishing that was not the case. *See Becker*, 74 Wis. 2d at 677–78, 247 N.W.2d at 496–97; *Montgomery*, 148 Wis. 2d at 599, 436 N.W.2d at 305. Had Schroeder requested such a hearing and made the required prima facie showing, and had the State not established constitutionally permissible reasons for the delay, the remedy for the constitutional violation would have been a dismissal of counts 2 and 3. *See Becker*, 74 Wis. 2d at 678, 247 N.W.2d at 497; *Montgomery*, 148 Wis. 2d at 595, 436 N.W.2d at 304.

We conclude that the reasons the State did not file a delinquency petition alleging counts 2 and 3 before Schroeder's eighteenth birthday are relevant to whether Schroeder's right to due process was violated, but are not relevant to whether the circuit court had subject matter jurisdiction over those charges. Even if the State delayed for reasons constitutionally impermissible under *Becker*, the circuit court nevertheless had subject matter jurisdiction to adjudicate those counts alleged in the criminal complaint. Therefore, Schroeder's entry of a guilty plea to those counts waived his objection based on the delay and waived his right to a *Becker* hearing to determine the reasons for the delay.[13]

---

[13] Because of our disposition of the *Becker* issue, we do not address the second issue briefed by the parties—whether *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), applies retroactively to preclude Schroeder from raising the *Becker* issue in a § 974.06, STATS., motion because he did not raise it in his direct appeal.

*By the Court.*—Order affirmed.