COURT OF APPEALS
DECISION
DATED AND FILED

February 7, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.    2021AP153**
**2021AP154**

Cir. Ct. Nos. 2004CF127
2004CF165

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT III**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

ROBERT DAVID FERNANDEZ CLOSE,

   DEFENDANT-APPELLANT.

---

APPEALS from orders of the circuit court for Pierce County: JOSEPH D. BOLES, Judge. *Order in 2021AP153 vacated and cause remanded with directions; order in 2021AP154 affirmed.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Robert Close, pro se, appeals from orders denying his postconviction motions for plea withdrawal in two Pierce County criminal cases. Close contends that he was entitled to an evidentiary hearing on his motions. We conclude that the circuit court lacked subject matter jurisdiction to hear the plea withdrawal motion in Pierce County case No. 2004CF127. We therefore vacate the order in that case and remand with directions that the court enter an order dismissing Close's motion on jurisdictional grounds. In Pierce County case No. 2004CF165, the record conclusively demonstrates that Close is not entitled to relief. We therefore affirm the court's denial of Close's motion in that case without a hearing.

## BACKGROUND

¶2 In Pierce County case No. 2004CF127, Close pled guilty to possession with intent to deliver less than 200 grams of THC. On August 18, 2019, the Department of Corrections (DOC) discharged Close from the sentence imposed following the revocation of Close's probation in that case.

¶3 In Pierce County case No. 2004CF165, Close pled guilty to sexual assault of a child under the age of sixteen, subject to a deferred entry of judgment agreement (DEJA).[1] The minutes from the plea hearing referred to the disposition of an additional misdemeanor in 2004CF165 and charges in four other cases—

---

[1] Although the agreement was labeled as a deferred prosecution agreement, it called for Close to enter a plea and for the charge to be dismissed prior to sentencing if certain conditions were fulfilled. *Compare* WIS. STAT. § 971.39 (2019-20) (deferred prosecution), *with State v. Wollenberg*, 2004 WI App 20, 268 Wis. 2d 810, 674 N.W.2d 916 (2003) (deferred entry of judgment and sentencing as condition of plea agreement).

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

none of which were charges filed in 2004CF127. The DEJA itself did not condition the entry of Close's plea to the sexual assault charge, or the dismissal of that charge prior to entry of judgment, upon the events in any other case. On May 22, 2020, the DOC discharged Close from the sentence imposed in Pierce County case No. 2004CF165, following the revocation of the DEJA and from a subsequent order for reconfinement after the revocation of extended supervision in that case.

¶4 On May 7, 2020, Close moved to withdraw his pleas in both case Nos. 2004CF127 and 2004CF165, pursuant to WIS. STAT. § 974.06. Close alleged that his trial counsel provided ineffective assistance in 2004CF127 by failing to file—or to advise Close that he had a basis to file—a suppression motion, and that Close was required to plead guilty in 2004CF127 as part of his plea deal in 2004CF165. The circuit court denied the plea withdrawal motions on their merits without a hearing, and Close appeals.

### DISCUSSION

**Case No. 2004CF127**

¶5 The Wisconsin Supreme Court has held that in order for a circuit court to have subject matter jurisdiction over a defendant's postconviction motion filed under WIS. STAT. § 974.06, that defendant must still be in custody on the sentence being challenged. *Theisen v. State*, 86 Wis. 2d 562, 570, 273 N.W.2d 314 (1979). Whether a circuit court has subject matter jurisdiction is a question of law subject to de novo review. *State v. Schroeder*, 224 Wis. 2d 706, 711, 593 N.W.2d 76 (Ct. App. 1999).

¶6      Here, the circuit court lacked subject matter jurisdiction to review Close's motion to withdraw his plea in case No. 2004CF127 because Close had already been discharged from DOC custody on the sentence imposed in that case before Close filed the motion. "When a court or other judicial body acts in excess of its jurisdiction, its orders or judgments are void." *Kohler Co. v. DILHR*, 81 Wis. 2d 11, 25, 259 N.W.2d 695 (1977). We therefore vacate the order denying Close's plea withdrawal motion in case No. 2004CF127 on its merits, and we remand with directions that the court instead enter an order dismissing the motion for lack of subject matter jurisdiction. *See State v. Theoharopoulos*, 72 Wis. 2d 327, 334, 240 N.W.2d 635 (1976).

**Case No. 2004CF165**

¶7      In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought. *State v. Allen*, 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433. No hearing is required, though, when the defendant presents only conclusory allegations or when the record conclusively demonstrates that he or she is not entitled to relief. *Nelson v. State*, 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972).

¶8      Here, the records contradict Close's allegation that his plea in case No. 2004CF165 was conditioned upon him also entering a plea in case No. 2004CF127. The pleas were entered on different days; neither set of minutes for either plea hearing makes reference to the other case; and the DEJA does not condition either the entry of a plea or the dismissal of the charge in case No. 2004CF165 upon the entry of a plea in case No. 2004CF127. Furthermore, to the extent that Close is alleging some connection outside of the records between his pleas in the two cases, that allegation is conclusory. In particular, Close fails

4

to specify when or where that alleged plea agreement was made or to provide any plausible explanation for why he would not have entered into a DEJA on the sexual assault charge if he knew he had a potential suppression issue on the THC charge. We conclude that the circuit court properly denied Close's motion to withdraw his plea in case No. 2004CF165 without a hearing.

*By the Court.*—Order in 2021AP153 vacated and cause remanded with directions; order in 2021AP154 affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.