NEUBAUER, C.J.
*614 *221 ¶ 1 Matthew C. Hinkle appeals from his judgment of conviction and an order denying his postconviction motion arguing that (1) the circuit court exercising adult criminal jurisdiction lacked jurisdiction over him, a juvenile, and (2) his trial counsel's assistance was ineffective because she failed to object to the criminal court's jurisdiction. We conclude a waiver of jurisdiction by a circuit court exercising juvenile jurisdiction in Milwaukee County in another matter for previous criminal offenses pursuant to *615 WIS. STAT. § 938.18 (2015-16)[1] satisfied the requirement of a waiver by "the court assigned to exercise jurisdiction under" WIS. STAT. ch. 938 to give "exclusive original jurisdiction" to the circuit court exercising criminal jurisdiction in Fond du Lac County pursuant to WIS. STAT. § 938.183(1)(b).[2] We therefore affirm. *616 BACKGROUND
¶ 2 In July 2015, Hinkle, who was sixteen years old at the time, stole a car in Milwaukee and drove it to Fond du Lac. Once there, Hinkle led police on a high-speed chase after they tried to arrest him. Hinkle hit other cars and eventually crashed. After fleeing on foot, he was caught with the help of a canine police officer.
¶ 3 Delinquency petitions against Hinkle were filed in both Milwaukee and Fond du Lac Counties, along with petitions seeking waiver into adult criminal court. Hinkle was also criminally charged in Fond du Lac County with fleeing a traffic officer and three counts of hit-and-run accidents. No one disputes that the adult criminal court of Fond du Lac County had jurisdiction over Hinkle for these traffic charges under WIS. STAT. § 938.17.
¶ 4 On October 28, 2015, the juvenile court in Milwaukee County, after a hearing, waived its jurisdiction over Hinkle per *222 WIS. STAT. § 938.18, sending the matter to adult criminal court. In a criminal complaint, the State refiled the charges in Milwaukee County on November 19. The charges were robbery (use of force), operating a vehicle without consent, and misdemeanor theft.
¶ 5 On November 18 and 19, the juvenile court in Fond du Lac County concluded that, under WIS. STAT. § 938.183(1)(b), the waiver by the Milwaukee County court gave jurisdiction over Hinkle to the adult criminal court of Fond du Lac County. The court referred to the "once waived always waived" concept, meaning *617 generally that a juvenile is subject to the jurisdiction of the criminal court when a juvenile court had previously waived its jurisdiction for prior criminal violations.
¶ 6 Hinkle's counsel agreed with the court's reading of the statute. When asked if Hinkle was contesting the court's determination, counsel said, "[W]e are not really taking a position on it. It's my understanding that it's pretty much automatic, but he is not agreeing to the waiver and such."
¶ 7 Although the circuit court had orally decided Hinkle was subject to the exclusive original jurisdiction of the criminal court under WIS. STAT. § 938.183(1) and indicated that a formal waiver was no longer necessary, it nonetheless signed a written order waiving juvenile jurisdiction under WIS. STAT. § 938.18. The court checked a box on the form next to the statement, "The petition for waiver was not contested. The juvenile's decision to not contest is a knowing, intelligent, and voluntary decision."
¶ 8 The State filed an amended information in Fond du Lac County. It contained the four traffic charges from the criminal complaint plus the fourteen nontraffic criminal charges that had been previously asserted in the delinquency petition. Hinkle and the State reached a plea agreement, resulting in a number of charges being dismissed but read in. Hinkle entered no contest pleas to the remaining charges.[3]
*618 ¶ 9 Hinkle filed a postconviction motion seeking to withdraw his pleas in Fond du Lac County on grounds that the criminal court lacked jurisdiction for the fourteen nontraffic criminal violations, and trial counsel provided ineffective assistance by having failed to object on that basis. Hinkle also asserted the written waiver order was flawed and invalid, and therefore Hinkle was not properly waived into criminal court.
¶ 10 At the motion hearing, Hinkle's trial counsel testified she did not challenge the jurisdiction of the criminal court because she did not believe she had valid grounds to do so. Hinkle testified his counsel told him that "since I was waived in Milwaukee County, that it was automatic. I was automatically waived in Fond du Lac County." He stated he would not have accepted the plea bargain if he had known the nontraffic criminal violations were not properly in criminal court.
¶ 11 In denying the motion, the circuit court saw no basis in WIS. STAT. § 938.183(1)(b) that required, as Hinkle contended, the jurisdictional waiver to have occurred in the same county as the criminal court. Because trial counsel correctly *223 interpreted the statute, the court concluded that her assistance was not deficient. Hinkle appeals.
DISCUSSION
Standards of Review and Rules of Statutory Construction
¶ 12 Interpreting a statute presents a question of law, which we review de novo. State v. Buchanan , 2013 WI 31, ¶ 12, 346 Wis.2d 735, 828 N.W.2d 847.
*619 Claims of ineffective assistance of counsel are mixed questions of fact and law. State v. Erickson , 227 Wis.2d 758, 768, 596 N.W.2d 749 (1999). Under that standard of review, the circuit court's findings of fact will not be disturbed unless they are clearly erroneous, but whether counsel was ineffective based on these facts is subject to de novo review. Id . ; State v. Balliette , 2011 WI 79, ¶¶ 18-19, 336 Wis.2d 358, 805 N.W.2d 334.
¶ 13 Statutory construction begins with the statute's language, and if the language is unambiguous, a court applies the plain language to the facts of the case. See State v. Hemp , 2014 WI 129, ¶ 13, 359 Wis.2d 320, 856 N.W.2d 811. Courts examine the language in context and read it using common, ordinary, and accepted meaning. State v. Hanson , 2012 WI 4, ¶ 16, 338 Wis.2d 243, 808 N.W.2d 390. We construe the terms of the statute in a manner that "avoid[s] absurd, unreasonable, or implausible results and results that are clearly at odds with the legislature's purpose." Hemp , 359 Wis.2d 320, ¶ 13, 856 N.W.2d 811 (citation omitted). "We favor an interpretation that fulfills the statute's purpose." Hanson , 338 Wis.2d 243, ¶ 17, 808 N.W.2d 390.
The General Law of Jurisdiction over Juvenile Offenders
¶ 14 In general, a juvenile court has exclusive jurisdiction over any juvenile ten years of age or older alleged to be delinquent. WIS. STAT. § 938.12(1). There are, however, statutory exceptions that allow a juvenile to be charged in criminal court. Id. ; see WIS. STAT. §§ 938.17, 938.18, 938.183.
¶ 15 Under WIS. STAT. § 938.17(1), a criminal court generally has exclusive jurisdiction over a juvenile *620 sixteen years of age or older for certain traffic violations. Hinkle was charged, as noted, with four such violations in a criminal complaint in Fond du Lac County. These charges are not at issue.
¶ 16 Under WIS. STAT. § 938.18, a juvenile court may, upon petition, waive its jurisdiction over a juvenile under certain circumstances, sending the juvenile offender to criminal court. If the defendant challenges the petition for waiver, an evidentiary hearing is held. Sec. 938.18(3)(b), (4)(b). If there is no challenge, the court must ensure that the no-challenge decision was made knowingly, intelligently, and voluntarily. Sec. 938.18(4)(c). The court bases a waiver determination on criteria specified in § 938.18(5). If the court determines waiver is appropriate, it will sign an order waiving juvenile court jurisdiction, and the matter is referred to the district attorney for appropriate criminal proceedings. Sec. 938.18(6).
¶ 17 Under WIS. STAT. § 938.183, the statute at issue here, a criminal court has exclusive original jurisdiction over a juvenile for two general types of circumstances: (1) if the juvenile is alleged to have committed certain serious violations (e.g., intentional homicide) or (2) if the juvenile has a certain criminal history, such as a prior waiver of juvenile jurisdiction. Central to this case is the latter circumstance, which is addressed by the statute as follows:
JUVENILES UNDER ADULT COURT JURISDICTION . Notwithstanding [
*224 WIS. STAT. §§] 938.12(1) and 938.18, courts of criminal jurisdiction have exclusive original jurisdiction over ...:
....
(b) A juvenile who is alleged to have violated any state criminal law if the juvenile has been convicted of *621 a previous violation following waiver of jurisdiction under [ WIS. STAT. §] 48.18, 1993 Stats., or [ WIS. STAT. §] 938.18 by the court assigned to exercise jurisdiction under this chapter and [ WIS. STAT. ] ch. 48 or if the court assigned to exercise jurisdiction under this chapter and ch. 48 has waived its jurisdiction over the juvenile for a previous violation and criminal proceedings on that previous violation are still pending.
Sec. 938.183(1).
Once the Milwaukee Juvenile Court Waived its Jurisdiction over Hinkle and the Charges were Refiled, the Fond du Lac Criminal Court had Exclusive Original Jurisdiction over him
¶ 18 According to Hinkle, the juvenile court in Fond du Lac County erred when it determined the waiver by the juvenile court in Milwaukee County satisfied the statute's requirement of a waiver by "the court assigned to exercise jurisdiction under" WIS. STAT. ch. 938. See WIS. STAT. § 938.183(1)(b). He contends that the statute's use of "the" court assigned to exercise jurisdiction refers to both the court that previously waived and the current court now considering waiver. Specifically, he contends that the use of "the" rather than "a" or "any court" or "any other court" means that "the" court that previously waived must be the same juvenile court now considering the new criminal charges. We disagree.
¶ 19 The language of WIS. STAT. § 938.183(1)(b) is unambiguous and applies here, giving jurisdiction over Hinkle to the criminal court in Fond du Lac County. The jurisdiction under § 938.183(1) is "exclusive" and "original." The court referenced in para. (1)(b) refers only to the court that previously waived. It cannot also *622 refer to a current circuit court exercising juvenile jurisdiction and contemplating waiver because the jurisdiction over the juvenile is automatic and starts straightaway in the criminal court.[4] When the statutory elements are present, the State files a criminal complaint directly in adult criminal court. A juvenile court typically would not see such a case-a juvenile court is not "assigned to exercise jurisdiction" under § 938.183(1)(b). The only reason that Hinkle's case was in juvenile court in Fond du Lac County was because the jurisdictional waiver by the juvenile court in Milwaukee County had not yet occurred. Once that waiver occurred and the criminal complaint was filed, the criminal court in Fond du Lac County had original exclusive criminal jurisdiction over Hinkle.[5] *623 *225 ¶ 20 The language of para. (1)(b) of WIS. STAT. § 938.183 confirms our reading, as the statute requires examination of a juvenile's past violations-whether the juvenile had any "previous" violations for which the juvenile court "has waived" its jurisdiction. Id. The language here plainly relates to events in the past only. Thus, the waiver by "the court assigned to exercise jurisdiction" refers to a waiver already made for a prior violation, a violation separate from the current violations being considered for exclusive original criminal court jurisdiction.[6] This reading of the statute also recognizes the use of the definite article "the" in "the court assigned," as it refers to a specific juvenile court-the one that had previously waived its jurisdiction.[7] *624 ¶ 21 Thus, a criminal court has "exclusive original jurisdiction over" a juvenile when the following apply: (1) the juvenile is presently alleged to have committed a criminal violation, (2) a juvenile court "has waived its jurisdiction over the juvenile for a previous violation," and (3) either that previous violation resulted in a conviction or the criminal proceedings remain pending. Id.
¶ 22 The criminal complaint was filed in Milwaukee County and the juvenile court of Fond du Lac County made its jurisdictional decision on November 19, 2015. On that date: (1) Hinkle was a juvenile presently alleged to have committed a criminal violation, (2) a juvenile court had waived its jurisdiction over Hinkle for previous criminal violations, and (3) the criminal proceedings on those violations were pending. Because the statutory elements were met, Hinkle was a juvenile over whom the Fond du Lac County "courts of criminal jurisdiction ha[d] exclusive original jurisdiction."[8] Id.
*625 *226 ¶ 23 Because the language of the statute as applied to these facts is unambiguous, consideration of the legislative history is unnecessary. We note nonetheless that the history supports our interpretation. See State v. Moreno-Acosta , 2014 WI App 122, ¶ 14, 359 Wis.2d 233, 857 N.W.2d 908 (courts may consult legislative history to confirm statute's plain meaning). WISCONSIN STAT. ch. 938 arose from the recommendations of the Juvenile Justice Study Committee, created by the legislature in 1994 in response to rising juvenile crime. See State v. Kleser , 2010 WI 88, ¶ 40, 328 Wis.2d 42, 786 N.W.2d 144. The committee's report, Juvenile Justice Study Committee, Juvenile Justice: A Wisconsin Blueprint for Change 14-15 (January 1995), recommended that the legislature "[g]rant original court jurisdiction based on 'once waived, always waived,' " believing "that once adult court jurisdiction has been exercised regarding a juvenile, subsequent violations should not require new waiver hearings."[9]
*626 No Basis Exists for Hinkle's Ineffective Assistance of Counsel Claim
¶ 24 To prove an ineffective assistance of counsel claim, Hinkle must establish both that trial counsel's performance was deficient and that this performance prejudiced his defense. See Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hinkle's sole basis for challenging his trial counsel's effectiveness is her failure to oppose the jurisdiction of the criminal court in Fond du Lac County. As discussed, counsel's and the circuit court's interpretation of the statute was correct. Deciding not to dispute a correct court ruling is legal assistance that is neither deficient nor prejudicial. See State v. Ziebart , 2003 WI App 258, ¶ 14, 268 Wis.2d 468, 673 N.W.2d 369. Hinkle's claim fails.
By the Court. -Judgment and order affirmed.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The Juvenile Justice Code, Wis. Stat. ch. 938, often uses the term "jurisdiction" when addressing a circuit court's authority to handle charges brought against a juvenile. But a court's authority in this regard is more accurately characterized as competency rather than jurisdiction. See State v. Schroeder , 224 Wis.2d 706, 719-20, 593 N.W.2d 76 (Ct. App. 1999). Granted by the Wisconsin Constitution, subject matter jurisdiction is plenary and unaffected by statute, such that "no circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever." State v. Sanders , 2017 WI App 22, ¶ 12, 375 Wis.2d 248, 895 N.W.2d 41 (citation omitted); Stern v. WERC , 2006 WI App 193, ¶ 24, 296 Wis.2d 306, 722 N.W.2d 594. More narrow than subject matter jurisdiction, competency is a court's "ability to undertake a consideration of the specific case or issue before it," and because competency is established by statute, it may be affected or lost if statutory elements or requirements are not met. State v. Sanders , 2018 WI 51, ¶¶ 20, 22, 381 Wis.2d 522, 912 N.W.2d 16 (citation omitted). Having said that, for sake of consistency with the statutory language, this opinion will use the term "jurisdiction" rather than "competency."
We also note the appellate opinions refer to "juvenile court," "adult court," and "criminal court." These references are not to different types of courts per se, but rather to the laws governing the filing and adjudication of the case, e.g., "juvenile court" refers to the circuit court adjudicating a case under the juvenile justice code, and, as such exercising juvenile jurisdiction, whereas "adult court" and "criminal court" refer to the circuit court adjudicating a case initiated by a criminal complaint, and, as such exercising criminal jurisdiction. Schroeder , 224 Wis.2d at 719-20, 593 N.W.2d 76 (explaining that appellate opinions' usage of "juvenile," "adult," and "criminal" courts may have "create[d] an impression that these are different courts with different powers," but "they are not").

For the charge of operating a vehicle without consent, Hinkle entered an Alford plea. See North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
After Hinkle pled guilty in Fond du Lac County, he reached an agreement with the State in the Milwaukee County criminal proceeding, pleading guilty to one count of robbery (use of force). That proceeding and conviction are not on appeal.

When criminally charged under Wis. Stat. § 938.183(1), a juvenile is entitled to a preliminary examination, at which "the court shall first determine whether there is probable cause to believe that the juvenile has committed the violation." Wis. Stat. § 970.032(1) ; see also State v. Toliver , 2014 WI 85, ¶¶ 3, 9, 356 Wis.2d 642, 851 N.W.2d 251. If the court finds such probable cause, it then determines whether to retain jurisdiction or, upon evidence of certain criteria shown by the juvenile, to transfer jurisdiction to juvenile court. Sec. 970.032(2) ; see also Wis. Stat. § 971.31(13). Section 938.183 itself acknowledges that a criminal court may decide to transfer jurisdiction to juvenile court. Sec. 938.183(1m)(b).

The State argues Hinkle forfeited his arguments by having failed to object to the criminal court's jurisdiction and by having entered guilty pleas. The forfeiture rule is the fundamental principle that issues raised on appeal must be preserved at the circuit court. State v. Huebner , 2000 WI 59, ¶¶ 10-11, 235 Wis.2d 486, 611 N.W.2d 727. But the rule is one of judicial administration, and we choose not to apply it here. The issue is uncomplicated by any factual dispute and is of sufficient importance to juvenile and criminal case procedure that we deem it worthy to consider and address.

We note para. (c) of Wis. Stat. § 938.183(1) also looks to a juvenile's past to determine whether a criminal court has exclusive original jurisdiction. Such jurisdiction is conferred if the juvenile had been subject to original criminal court jurisdiction under this statute for a previous violation and the juvenile had either been convicted or the criminal proceedings are still pending. Id. Consistent with para. (b), the reference to "the court" refers to the criminal court that had original jurisdiction for the previous criminal violation.

The Juvenile Justice Code provides a definition for "court" that neither expresses nor implies that the county in which the juvenile or criminal court is situated matters. See Wis. Stat. § 938.02(2m). The definition is consistent with our interpretation and lends no support to Hinkle's, stating as follows:
"Court," when used without further qualification, means the court assigned to exercise jurisdiction under this chapter and [ Wis. Stat. ] ch. 48 or, when used with reference to a juvenile who is subject to [ Wis. Stat. §] 938.183, a court of criminal jurisdiction or, when used with reference to a juvenile who is subject to [ Wis. Stat. §] 938.17(2), a municipal court.
Sec. 938.02(2m).

Hinkle argues the court's written order waiving him into adult court was invalid. He notes the order was issued under Wis. Stat. § 938.18 even though the court did not conduct an evidentiary hearing and the court had orally announced that jurisdiction of the criminal court was based on Wis. Stat. § 938.183. He also notes the order incorrectly stated that he did not contest waiver.
Given our decision, these arguments are no longer pertinent. The criminal court had exclusive original jurisdiction over Hinkle under Wis. Stat. § 938.183(1), and therefore no waiver petition, hearing, determination, or written order under Wis. Stat. § 938.18 was necessary. See State v. Nieves , 2017 WI 69, ¶ 17, 376 Wis.2d 300, 897 N.W.2d 363 (concluding error that does not affect party's substantial rights is harmless). Moreover, the court's reasoning and decision as announced at the November 19 hearing were correct, and generally when an oral decision is clear and reflects the intent of the court, it controls over an error in a written order. See State v. Perry , 136 Wis.2d 92, 114, 401 N.W.2d 748 (1987).

Without addressing the full statutory analysis set forth herein (supra ¶¶ 19-21), the Dissent objects largely on policy grounds to the legislature's decision to give exclusive original jurisdiction over a juvenile to a criminal court under Wis. Stat. § 938.183(1). But the policy points made by the Dissent-including whether a juvenile court should have discretion to determine the appropriate jurisdiction regardless of a juvenile's criminal history-are best directed to and considered by the legislature. See A. & A.P. v. Racine Cty. , 119 Wis.2d 349, 354-55 & n.4, 349 N.W.2d 743 (Ct. App. 1984) ("[I]t is not our function to rewrite the statute or to amend it to correct" an error or omission, as "a policy decision [is] for the legislature-not the courts."). Keeping to a legal analysis, we see no basis in the statute's current form to conclude a waiver for a previous violation under § 938.183(1) is inapplicable in another county.