COURT OF APPEALS
DECISION
DATED AND FILED

April 20, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.  **2021AP1910**

Cir. Ct. No. **2021JV33**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN THE INTEREST OF E.B.V., A PERSON UNDER THE AGE OF 18:

WAUKESHA COUNTY,

PETITIONER-RESPONDENT,

V.

E. B. V.,

RESPONDENT,

J. C. V.,

APPELLANT.

APPEAL from an order of the circuit court for Waukesha County: MARIA S. LAZAR, Judge. *Affirmed*.

¶1    GROGAN, J.[1]  J.C.V. appeals from an order dismissing a truancy petition against her son, E.B.V.  The circuit court dismissed the petition upon Waukesha County corporation counsel's motion because, as stated in the dismissal order, "dismissal is in the best interest of the child/juvenile and public" and "Other:  Juvenile has entered into a Deferred Prosecution Agreement with HHS." J.C.V. wants the dismissal order vacated and the truancy petition dismissed on other grounds—namely:  (1) alleged violations of statutory time limits; (2) the petition's alleged insufficiency; and (3) facts in the petition were not proven. Because the circuit court did not erroneously exercise its discretion in dismissing the petition, this court affirms.

## I.  BACKGROUND

¶2    On April 21, 2021, Waukesha County, by its corporation counsel, filed a petition alleging E.B.V. needed protection or services under WIS. STAT. § 938.13(6) (habitual truancy).  The petition alleged E.B.V. was truant on three days in September 2020, ten days in October 2020, eleven days in November 2020, and ten days in both December 2020 and January 2021.  E.B.V. has been diagnosed with autism, anxiety disorder, and post-traumatic stress disorder.  The state public defender appointed Attorney Priya Barnes on April 28, 2021, to represent E.B.V.  Attorney Molly Jasmer, who serves as E.B.V.'s guardian ad litem (GAL) in the family's ongoing post-divorce custody and placement proceedings, asked the circuit court to appoint her to serve as E.B.V.'s GAL for this truancy matter.  The circuit court appointed

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Attorney Jasmer as requested. J.C.V. objected to Attorney Jasmer's appointment and contested the truancy petition. E.B.V. also contested the petition, requested adversary counsel, and objected to Attorney Jasmer's appointment and "continued participation" as GAL. Attorney Barnes, E.B.V.'s adversary counsel, noted that the statutes require appointment of a GAL in a juvenile matter when the minor is "less than 12 years of age" or incompetent—neither of which "exist for [E.B.V.]." Attorney Barnes explained that having both adversary counsel and a GAL may create conflicts, as it did here when Attorney Jasmer informed the circuit court E.B.V. would *not* contest the truancy petition, whereas E.B.V. told Attorney Barnes he wanted to contest the petition. Attorney Barnes asked the circuit court to remove the GAL or limit the GAL's role "to an observer for purposes of fulfilling GAL duties in the family case." The circuit court denied the motion to remove the GAL and clarified that "advocate counsel speaks for [E.B.V.], expresses his wishes and his desires. The guardian ad litem defers to that advocate counsel if there is a dispute."

¶3    In August 2021, J.C.V.'s attorney filed a motion to dismiss the petition based on a lack of sufficient grounds. The circuit court denied the motion. It ruled:

> In a petition to dismiss the allegations in the petition are taken, and a motion to dismiss, the allegations are taken as true. Therefore, based upon all of that and based upon the arguments today, the Court the [sic] denying the motion to dismiss the petition based on lack of sufficient grounds.
>
> I'm not saying nor am I ruling or concluding that [E.B.V.] was in fact truant on those days in the petition, but that's the argument to bring in at fact finding. Those are arguments to bring in before the Court to show that [E.B.V.] actually was there. [E.B.V.] was trying to log in. [E.B.V.] has other disabilities that weren't taken into account.

¶4 In September 2021, J.C.V. filed a pro se motion to "dismiss deficient petition."[2] Waukesha County corporation counsel opposed the motion. A factfinding hearing was scheduled for October 13, 2021, and November 1, 2021.

¶5 On October 7, 2021, the circuit court held a hearing to address the motions J.C.V. had filed, J.C.V.'s attorney's motion to withdraw, and E.B.V.'s request to substitute attorneys. The circuit court granted J.C.V.'s attorney's motion to withdraw. There was also discussion about a proposal to resolve the truancy petition with a six-month consent decree. Corporation counsel reported that E.B.V. had been "attending school every day[,]" "is doing fantastic[,]" and is "participating in extracurricular activities." He further reported E.B.V. was "doing well at home. His affect is good. His behavior is good." Corporation counsel advised that "[t]his is a case where the public believes it's appropriate to have a consent decree entered, but I can't make [J.C.V.] do that[,]" and "that [a] consent decree [could] be entered without an admission, without a plea by [E.B.V.]" "because of how well he's doing." Corporation counsel stated: "I know [J.C.V.] disputes [that E.B.V.] didn't attend school in 2020-2021[.]"

¶6 J.C.V. told the circuit court she had not seen the proposed consent decree, E.B.V. was contesting the petition, and she filed motions because the truancy petition was not "factual" and should be dismissed.

¶7 E.B.V.'s counsel confirmed that E.B.V. had entered a plea contesting the petition in May 2021, but since that time, she had "numerous

---

[2] J.C.V. also filed motions to reconsider the ordered psychological evaluation of J.C.V. and E.B.V., the denial of the request to depose E.B.V., and a request to replace E.B.V.'s attorney with another attorney who has experience working with children who have autism.

conversations with [E.B.V.]" and "he really wanted to have this case go away. He wanted this case to be settled. He wanted to see less strife between parents." E.B.V.'s counsel told the court "a settlement would be an appropriate resolution," and she believed that is "what [E.B.V.] wants as well."

¶8 The circuit court then personally addressed E.B.V., who was present at the October 7 motion hearing, about what he wanted. He told the circuit court he was essentially disputing the claim that he was habitually truant. In addressing E.B.V.'s request for new counsel, E.B.V. explained he had retained a new lawyer but that Attorney Barnes had not yet been contacted by the new lawyer. The circuit court held off on deciding the remaining motions because "there's some question about the facts" and proposed that the parties meet again on October 13 to try resolving the case because it would not be able to hold the factfinding/trial on that date as J.C.V. needed time to obtain new counsel. The court noted that if resolution did not occur on October 13, it would hold the factfinding/trial on November 1. Additionally, the circuit court noted that although this case involved certain deadlines under the statutes, "everything in this case was extended for good cause" and reiterated that it:

> finds and tolls all deadlines and statutory time limits. I know the statutes say there are things that have to be done within a certain amount of time. They also say that due to good cause, court's calendar being one, party's motions being another, attorney's calendar being a third, information not being there, the fact that you asked for a fact-finding hearing.
>
> That gives me cause under the statutes. I control my calendar, and I've moved this to there. So you can disagree. I'm just telling you my decision.

¶9 Resolution did not occur at the October 13 hearing, but the circuit court confirmed that E.B.V.'s new lawyer, Attorney Erika L. Bierma would

substitute in as E.B.V.'s counsel. The circuit court set the matter for a status hearing on October 25 with November 1 still set for the factfinding hearing/trial. Corporation counsel subsequently moved to dismiss the truancy petition, as it believed any truancy had resolved and because E.B.V. had agreed to a Deferred Prosecution Agreement (DPA). The circuit court heard the motion at the October 25 hearing. J.C.V. objected to the dismissal. E.B.V.'s counsel advised the circuit court that "[E.B.V.] really wants to put this case behind him. You know, he doesn't want to continue the court process. He's obviously doing what he's supposed to be doing, and we [w]ould respectfully request that the Court actually dismiss the petition today." The circuit court dismissed the truancy petition, explaining:

> So the motion in front of the Court right now is a motion by the party that filed the case, the prosecutor, asking that I dismiss a petition. The petition was for truancy. The motion in front of the Court says that it should be dismissed because it's in the best interest of the child or the juvenile and the public and that there's a deferred prosecution agreement.

> The Court considers what is in the best interest of a child or juvenile. It is always in the best interest of a child or juvenile to resolve matters and not have delinquency findings on their record. The public in this case is the party -- well, the public, the Court, the county, has an interest in children going to school. Since this matter has been in front of the Court, [E.B.V.] has been doing well.

> This year he's started school this fall. He's gone past the midterms. He's attending school. He's doing well in school. There's no concerns that he's missing school or un-excused absences.

> ….

> The Court's considered the best interest of the public and determines it's better to have a child going to school because they want to, and they have an agreement. The Court therefore, despite the requests and the objections and a contest by the mother who does not have custody of this

child, who has raised issues saying, one, that the case should be dismissed on its own anyway.

Two, that the child actually was truant-- the Court therefore orders that this petition -- that the petition is dismissed today. The Court is signing that order now. This case is dismissed. There is no more petition. The matter's resolved in this Court.

There will be no hearings, no other matters. It's signed. Every party has the ability to appeal.

¶10　J.C.V. filed motions to vacate the dismissal order and objecting to the DPA. The circuit court denied J.C.V.'s motions. It explained:

There is no basis to vacate that [dismissal] decision solely to dismiss the petition on other grounds. There is also no basis to vacate a dismissal, enter another dismissal and then hold any type of hearing, fact-finding or otherwise ….

Since the petition was filed, [E.B.V.] has been attending school and doing well there in his classes. He is on a much better track and trajectory. The short-term option of a six-month DPA (in a case that has been lingering for months due to all of the fighting between the parties) is favorable to [E.B.V.].

There is no rational, logical basis to continue this petition. There is no basis for the current Motion filed by [J.C.V.]. The petition has been dismissed and it will remain so.

J.C.V. appeals.

## II. DISCUSSION

¶11　The dispositive issue in this case is whether the circuit court erroneously exercised its discretion when it dismissed this truancy petition. *See Lawrence v. MacIntyre*, 48 Wis. 2d 550, 554-55, 180 N.W.2d 538 (1970). Although J.C.V. and Waukesha County disagree about whether J.C.V. is even an aggrieved party who has standing to appeal the dismissal order, it is not necessary

for this court to resolve that dispute. The circuit court told J.C.V. she had the right to appeal the dismissal. Accordingly, this court assumes without deciding the standing issue and chooses to address the merits.

¶12 "[T]he ability of the juvenile court to hear and decide matters under the juvenile code is conferred by statute." *State v. Dawn M.*, 189 Wis. 2d 480, 485, 526 N.W.2d 275 (Ct. App. 1994). WISCONSIN STAT. § 938.25(1) sets forth who is authorized to file a petition under ch. 938, the Juvenile Justice Code. It provides:

> REQUIREMENTS; WHO MAY FILE. A petition initiating proceedings under this chapter shall be signed by a person who has knowledge of the facts alleged or is informed of them and believes them to be true. The district attorney shall prepare, sign, and file a petition under [§] 938.12. *The* district attorney, *corporation counsel*, or other appropriate official specified under [§] 938.09 *may file a petition under* [§§] 938.125 or *938.13*. The counsel or guardian ad litem for a parent, relative, guardian, or juvenile may file a petition under [§§] 938.13 or 938.14. The district attorney, corporation counsel or other appropriate person designated by the court may initiate proceedings under [§] 938.14 in a manner specified by the court.

Sec. 938.25(1) (emphasis added). Interpretation of a statute presents a question of law reviewed de novo. *State v. Hinkle*, 2018 WI App 67, ¶12, 384 Wis. 2d 612, 921 N.W.2d 219, *aff'd*, 2019 WI 96, 389 Wis. 2d 1, 935 N.W.2d 271. However, a circuit court's decision to dismiss an action is reviewed under the erroneous exercise of discretion standard of review. *See Lawrence*, 48 Wis. 2d at 554-55. "A circuit court erroneously exercises its discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record." *260 N. 12th St., LLC v. DOT*, 2011 WI 103, ¶38, 338 Wis. 2d 34, 808 N.W.2d 372.

¶13     Here, the circuit court applied the proper legal standard to the pertinent facts and reached a reasonable decision. Accordingly, this court concludes that the circuit court properly exercised its discretion when it dismissed the truancy petition. WISCONSIN STAT. § 938.25(1) says "corporation counsel … *may* file a [truancy] petition[.]" (Emphasis added.) The "may file" language provides corporation counsel with the discretion of whether it will file a truancy petition. *See, e.g.*, ***Heritage Farms, Inc. v. Markel Ins. Co.***, 2012 WI 26, ¶32, 339 Wis. 2d 125, 810 N.W.2d 465 ("The word 'may' is ordinarily used to grant permission or to indicate possibility. Accordingly, when interpreting a statute, we generally construe the word 'may' as permissive." (internal citation omitted)). Here, corporation counsel filed a truancy petition but later decided it was unnecessary to prosecute the petition because the alleged truancy had resolved and therefore asked the circuit court to dismiss the petition. Corporation counsel explained his reason for dismissal, including both that E.B.V. was attending school and had agreed to a DPA with the Department of Health and Human Services. E.B.V. signed a DPA where he agreed to comply with certain conditions for six months, including attending "all classes with no unexcused absences." E.B.V. expressed, through his attorney, that he wanted to resolve the truancy petition and be done with the legal proceedings.

¶14     The circuit court, as set forth above, explained in a reasoned decision why, under these circumstances, it would be in E.B.V.'s best interest to dismiss the truancy petition. Specifically, the alleged truancy had resolved, the subject of the truancy—E.B.V.—agreed to a resolution that terminated the action, and corporation counsel decided there was no reason to continue to prosecute.

¶15     J.C.V. fails to provide this court with any legal authority that prohibits a circuit court from dismissing a truancy petition under these

9

circumstances, and she also fails to establish that the circuit court erroneously exercised its discretion when it granted Waukesha County's motion to dismiss. J.C.V.'s objection to the circuit court's dismissal based on her insistence that the petition should have been dismissed on different reasons—specifically, the reasons she raised in her *own* motion seeking dismissal of the petition—does not somehow transform the circuit court's proper exercise of discretion into error.[3]  Regardless of the actual reason for the dismissal, E.B.V. is no longer subject to a truancy petition.  He is doing well in school and no longer needs to miss school in order to attend legal proceedings.  E.B.V. was *not* adjudicated truant as the petition was dismissed without proceeding to a factfinding hearing/trial.  Perhaps if corporation counsel persisted in taking the petition to trial instead of moving to dismiss it, the circuit court would have ultimately dismissed the petition when it heard J.C.V.'s motions.  But those are not the facts of this case.  The petition was dismissed and presumably E.B.V. will have completed the six months required under the DPA shortly after this opinion is released.[4]  As the circuit court stated: "It is always in the best interest of a child or juvenile to resolve matters and not have delinquency

---

[3] In its Response, Waukesha County explained that the circuit court extended all statutory time deadlines for "good cause."  It also explained why *State v. Lindsey A.F.*, 2003 WI 63, 262 Wis. 2d 200, 663 N.W.2d 757, the case J.C.V. relied upon, is inapplicable.  J.C.V.'s failure to file a Reply to refute these points concedes them.  *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).  In any event, *Lindsey A.F.* does not support J.C.V.'s position.  Moreover, the Record confirms that all time deadlines were extended for good cause as authorized by WIS. STAT. § 938.315(2).

[4] The DPA's six-month time period expires on April 25, 2022.

findings on their record." The circuit court's decision did not constitute an erroneous exercise of discretion.[5]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] Post-briefing, J.C.V. filed a motion for sanctions against corporation counsel and the GAL. In essence, she argues these attorneys prosecuted the truancy petition against E.B.V. without any legitimate basis for doing so in violation of WIS. STAT. § 802.05(2)(a) and WIS. STAT. § 809.801(12)(e). Although J.C.V. may be frustrated with the truancy proceedings, the requisite standards for imposing sanctions have not been satisfied, and the motion is therefore denied.