# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1416-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| |        Plaintiff-Respondent, |
| |   v. |
| | Matthew C. Hinkle, |
| |        Defendant-Appellant-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 384 Wis. 2d 612,921 N.W.2d 219
PDC No:2018 WI App 67 - Published

| | |
|---|---|
| OPINION FILED: | November 12, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | September 4, 2019 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Fond du Lac |
|   JUDGE: | Robert J. Wirtz |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | DALLET, J. dissents, joined by A.W. BRADLEY, J. (opinion filed) |
|   NOT PARTICIPATING: | HAGEDORN, J. did not participate. |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs filed by *Christina Starner*, Green Bay. There was an oral argument by *Christina Starner*.

For the plaintiff-respondent, there was a brief filed by *Aaron R. O'Neil*, assistant attorney general, with whom on the brief was *Joshua L. Kaul*, attorney general. There was an oral argument by *Aaron R. O'Neil.*

**2019 WI 96**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2017AP1416-CR
(L.C. No.  2015CF418)

STATE OF WISCONSIN                     :      IN SUPREME COURT

State of Wisconsin,

      Plaintiff-Respondent,

      v.

Matthew C. Hinkle,

      Defendant-Appellant-Petitioner.

**FILED**

**NOV 12, 2019**

Sheila T. Reiff
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals.  *Affirmed.*

¶1    REBECCA GRASSL BRADLEY, J.   We review whether Fond du Lac County Circuit Court[1] properly exercised adult-court criminal jurisdiction over then-16-year-old Matthew C. Hinkle based on Milwaukee County Circuit Court's prior decision to waive Hinkle from juvenile court to adult court.[2]  Our decision turns on the

---

[1] The Honorable Robert J. Wirtz presided.

[2] We commonly use the terms "juvenile court" and "adult court" in these cases for ease of reference and understanding. As the court of appeals decision points out, Wisconsin does not have "juvenile courts" or "adult courts."  We have circuit courts with general jurisdiction over all matters civil and criminal.  We refer to a court as a "juvenile court" because the cases heard there involve juveniles being adjudicated under the

(continued)

interpretation of Wis. Stat. § 938.183(1) and how its text prescribes the practice commonly referenced by those handling juvenile cases as "once waived, always waived."[3]

¶2   Hinkle contends Wis. Stat. § 938.183(1) confines the "once waived, always waived" rule to each individual county—meaning Hinkle could be waived into adult court only if another Fond du Lac County Circuit Court previously waived him.   He argues Fond du Lac improperly relied on Milwaukee's waiver and, as a result, the Fond du Lac County Circuit Court lacked competency[4] to handle his case.

---

Juvenile Justice Code.   We use the term "adult court" to identify when a juvenile will be transferred from a court handling juvenile matters (a.k.a. "juvenile court") to a court where a juvenile will be prosecuted as an adult under the criminal law (a.k.a. "adult court").   The terms do not differentiate between types of courts but instead signify whether a juvenile's case will be determined by the laws applicable to juveniles under Wis. Stat. ch. 938 or whether the juvenile will be prosecuted as an adult and subject to the criminal code under Wis. Stat. chs. 939-951.   See State v. Hinkle, 2018 WI App 67, ¶1 n.2, 384 Wis. 2d 612, 921 N.W.2d 219 (quoting and citing State v. Schroeder, 224 Wis. 2d 706, 719-20, 593 N.W.2d 76 (Ct. App. 1999)).

[3] All subsequent references to the Wisconsin Statutes are to the 2017-18 version unless otherwise indicated.

[4] The Wisconsin Constitution confers subject matter jurisdiction on circuit courts over "all matters civil and criminal." Wis. Const. art. VII, § 8.   "Accordingly, a circuit court is never without subject matter jurisdiction." City of Eau Claire v. Booth, 2016 WI 65, ¶12, 370 Wis. 2d 595, 882 N.W.2d 738 (quoted source omitted).   Competency is a distinct concept:

(continued)

2

¶3 The State disagrees with Hinkle's restrictive view of Wis. Stat. § 938.183(1). The State argues the statute's text does not impose a county-specific restriction; instead, the State construes the statute to give circuit courts across Wisconsin original adult-court jurisdiction over crimes committed by juveniles who have been previously waived into adult court when those prior proceedings are still pending or when the prior proceedings resulted in conviction. Both the circuit court and the court of appeals agreed with the State. We do as well.

¶4 We hold Wis. Stat. § 938.183(1) conferred exclusive original adult jurisdiction over Hinkle based on Milwaukee County Circuit Court's prior waiver. The text of the statute does not impose a county-specific limitation on the rule commonly referred to as "once waived, always waived." The Fond du Lac County Circuit Court properly relied on Milwaukee's waiver to move Hinkle from Fond du Lac's juvenile jurisdiction to Fond du Lac's adult jurisdiction. Accordingly, the Fond du Lac County Circuit Court possessed competency to hear Hinkle's

---

Noncompliance with statutory mandates affects a court's competency and "a court's 'competency,' as the term is understood in Wisconsin, is not jurisdictional at all, but instead, is defined as 'the power of a court to exercise its subject matter jurisdiction' in a particular case."

City of Eau Claire, 2016 WI 65, ¶7, 370 Wis. 2d 595 (quoting State v. Smith, 2005 WI 104, ¶18, 283 Wis. 2d 57, 699 N.W.2d 508).

3

case under the criminal code applicable to adults. We affirm the decision of the court of appeals.

## I. BACKGROUND

¶5 In July 2015, then-16-year-old Hinkle approached a stopped car in Milwaukee County, reached into the driver's window, shut off the car, took the keys, and ordered the driver out of the car. Hinkle then took the car and drove it to Fond du Lac. Fond du Lac Police Officer Ben Hardgrove saw the car parked at a gas station and pulled up behind it to block its egress. Hardgrove saw four people in the car, including Hinkle, who was in the driver's seat. Hardgrove ordered the occupants to "show their hands." Hinkle ignored the officer's command and started ramming the car he was driving into Hardgrove's squad car and a second car parked near him in an attempt to escape. At the same time, the other passengers exited the car. Hinkle eventually cleared enough space to get past Hardgrove's squad car and fled the gas station at a high rate of speed.

¶6 Fond du Lac police pursued Hinkle, who led them on a high-speed chase through residential areas. Police reported Hinkle driving between 60-100 mph on his way out of town and reaching 120 mph when he drove back into town. Hinkle's car came to a stop only after he crashed into an SUV. Instead of stopping as the police ordered him to do, Hinkle then fled on foot. The police chased Hinkle down with the help of a canine officer and arrested him.

¶7 The State pursued charges against Hinkle in the circuit courts of both Milwaukee County and Fond du Lac County.

4

Because Hinkle was 16 years old, the State filed delinquency petitions. See Wis. Stat. § 938.12(1) ("IN GENERAL. The court [acting under ch. 938] has exclusive jurisdiction, except as provided in ss. 938.17, 938.18, and 938.183, over any juvenile 10 years of age or older who is alleged to be delinquent."). The delinquency petition filed in Milwaukee contained two counts.[5] The delinquency petition filed in Fond du Lac contained 14 counts.[6] In addition, the State filed a criminal complaint in Fond du Lac charging Hinkle as an adult with four counts: one count of attempting to flee and three counts of hit and run. See Wis. Stat. §§ 346.04(3), 343.31(3)(d)1, 346.67(1), 346.74(5)(a), and 939.50(3)(i). Hinkle was charged as an adult on these four traffic counts pursuant to Wis. Stat. § 938.17, which gives "courts of criminal and civil jurisdiction" "exclusive jurisdiction in proceedings against juveniles 16 years of age or older" for these violations.

¶8 The State also filed petitions under Wis. Stat. § 938.18 in both Milwaukee and Fond du Lac, requesting that

---

[5] The two counts were: (1) robbery use of force, and (2) take and operate a motor vehicle without the owner's consent. See Wis. Stat. §§ 943.32(1)(a) and 943.23(2).

[6] The 14 counts included: seven counts of second-degree recklessly endangering safety; one count of take and operate a motor vehicle without the owner's consent; three counts of obstructing a police officer; and three counts of criminal damage to property. See Wis. Stat. §§ 941.30(2), 939.50(3)(g)&(h), 943.23(2), 946.41(1), 939.51(3)(a), and 943.01(1).

5

Hinkle be waived from juvenile court to adult court.[7] The Milwaukee County Circuit Court held a waiver hearing and granted the State's waiver petition.[8] The State then filed a criminal complaint in Milwaukee County Circuit Court charging Hinkle as an adult with: (1) robbery with use of force and (2) take and

---

[7] Wisconsin Stat. § 938.18 sets forth the conditions under which a party or the court can request that a juvenile "14 or older" be waived from juvenile to adult court:

Jurisdiction for criminal proceedings for juveniles 14 or older; waiver hearing.

> (1) WAIVER OF JUVENILE COURT JURISDICTION; CONDITION FOR. Subject to s. 938.183, a petition requesting the court to waive its jurisdiction under this chapter may be filed if the juvenile meets any of the following conditions:
>
> (a) The juvenile is alleged to have violated s. 940.03, 940.06, 940.225 (1) or (2), 940.305, 940.31, 943.10 (2), 943.32 (2), 943.87 or 961.41 (1) on or after the juvenile's 14th birthday.
>
> (b) The juvenile is alleged to have committed a violation on or after the juvenile's 14th birthday at the request of or for the benefit of a criminal gang, as defined in s. 939.22 (9), that would constitute a felony under chs. 939 to 948 or 961 if committed by an adult.
>
> (c) The juvenile is alleged to have violated any state criminal law on or after the juvenile's 15th birthday.

[8] At a waiver hearing, the circuit court first determines whether the matter has prosecutive merit. Wis. Stat. § 938.18(4). If the circuit court finds prosecutive merit, both the district attorney and the juvenile have the opportunity to present testimony and cross-examine witnesses. § 938.18(3) & (4). After considering the testimony and any other relevant evidence in the record, the circuit court decides whether the criteria for waiver in § 938.18(5) have been met.

6

operate a vehicle without owner's consent. <u>See</u> Wis. Stat. §§ 943.32(1)(a) and 943.23(2).

¶9 While the Milwaukee case was pending, the Fond du Lac County Circuit Court considered the State's waiver petition. Hinkle wanted to contest the waiver in Fond du Lac, and be adjudicated as a juvenile. However, everyone, including Hinkle's lawyer, agreed that the rule regularly referred to as "once waived, always waived" applied. The circuit court and the parties interpreted Wis. Stat. § 938.183(1) to require the Fond du Lac County Circuit Court to waive Hinkle because the Milwaukee County Circuit Court had previously done so. The Fond du Lac County Circuit Court ruled that, pursuant to § 938.183(1), Hinkle must be prosecuted as an adult.

¶10 The State filed an amended Information in Fond du Lac County Circuit Court, now charging Hinkle as an adult for all 18 counts—the four traffic counts from the original criminal complaint, plus the 14 counts from the delinquency petition. Hinkle accepted the plea bargain offered by the State, pled no contest to six counts, and entered an <u>Alford</u> plea on one count;[9] the remaining 11 counts were dismissed and read-in.[10] The

---

[9] <u>See</u> <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970).

[10] A read-in charge is any crime "that is uncharged or that is dismissed as part of a plea agreement, that the defendant agrees to be considered by the court at the time of sentencing and that the court considers at the time of sentencing the defendant for the crime for which the defendant was convicted." Wis. Stat. § 973.20(1g)(b). Similar to Wis. Stat. § 973.20(1g)(b), we have defined read-in charges as

(continued)

7

circuit court imposed a total sentence of six years of initial confinement and three years of extended supervision to be followed by two years of probation.[11]

¶11 Hinkle then filed a postconviction motion in Fond du Lac County Circuit Court seeking to vacate his convictions, withdraw his pleas, and transfer the 14 counts back to juvenile court jurisdiction. Hinkle argued that Wis. Stat. § 938.183(1) did not give Fond du Lac Circuit Court competency to proceed over the 14 juvenile counts because the "once waived, always waived" rule should be county-specific. In other words, Hinkle argued that for Fond du Lac County Circuit Court to waive Hinkle without a waiver hearing, the statute required a prior waiver by a Fond du Lac County Circuit Court. Hinkle contended the statutory language limits a circuit court's reliance on previous juvenile court waivers to the specific county in which the prior waiver occurred. Accordingly, Hinkle asserted Fond du Lac County improperly relied on Milwaukee County's waiver, never

---

"charges [that] are expected to be considered in sentencing, with the understanding that read-in charges could increase the sentence up to the maximum that the defendant could receive for the conviction in exchange for the promise not to prosecute those additional offenses."

State v. Sulla, 2016 WI 46, ¶33, 369 Wis. 2d 225, 880 N.W.2d 659 (quoting State v. Frey, 2012 WI 99, ¶68, 343 Wis. 2d 358, 817 N.W.2d 436) (footnotes omitted).

[11] Hinkle also entered into a plea bargain in the Milwaukee County case: he pled to one charge and the second was dismissed.

acquired adult-court jurisdiction over Hinkle, and, as a result, lacked competency to preside over Hinkle's case in adult court.

¶12 The Fond du Lac County Circuit Court rejected Hinkle's interpretation and denied the motion, reasoning:

> I think the essence of the argument here is that Mr. Hinkle couldn't be transferred to adult court in Fond du Lac based on the waiver -- his waiver from juvenile court in Milwaukee to adult court in Milwaukee and, then, the subsequent violation in Fond du Lac County, which was then waived into adult court. And the statute . . . 938.183 [says] " . . . courts of criminal jurisdiction have exclusive jurisdiction over all of the following:
>
> A juvenile who is alleged to have violated any state criminal law if the juvenile has been convicted of a previous violation following waiver of jurisdiction under" some statute sections, basically juvenile court sections, "by the court assigned to exercise jurisdiction under this chapter," 938, the juvenile justice code. And it says "by the court assigned to exercise jurisdiction" under the chapter. It doesn't indicate, specifically, that it has to be in the same county. And there are a multitude of courts which vary; based on time, and year, and place; who are assigned. You know, judges get an assignment to a particular duty, whether it's for a year or for a short period of time. Right now I'm assigned to intake, which includes juvenile matters. And, so, as I read the statute, if a person has been waived -- convicted of a violation following waiver of jurisdiction by a court -- by the court assigned to exercise jurisdiction under the chapter, that's sufficient. It doesn't have to be in the particular same county, because that isn't what the statute says. The court assigned to exercise juvenile court jurisdiction can be, by lack of limitation, any particular court there is assigned to juvenile court jurisdiction.
>
> Mr. Hinkle was waived into adult court and convicted in adult court and, given that waiver and that transfer into adult court in Milwaukee . . . it

9

was acceptable . . . for the court here with criminal court jurisdiction to have jurisdiction over him.

¶13 The court of appeals affirmed the circuit court's order denying Hinkle's postconviction motion and agreed with the circuit court's interpretation of Wis. Stat. § 938.183(1). The court of appeals interpreted § 938.183(1)(b) to give a circuit court hearing criminal cases "exclusive original jurisdiction over" a juvenile when three conditions apply:

- (1) the juvenile is presently alleged to have committed a criminal violation;

- (2) a juvenile court has waived its jurisdiction over the juvenile for a previous violation; and

- (3) either that previous violation resulted in a conviction or the criminal proceedings remain pending.

State v. Hinkle, 2018 WI App 67, ¶21, 384 Wis. 2d 612, 921 N.W.2d 219. Hinkle filed a petition for review of the court of appeals decision, which this court granted.

II. STANDARD OF REVIEW

¶14 This case involves the interpretation and application of Wis. Stat. § 938.183(1), "which is a question of law we review independently, although we benefit from the decisions by the court of appeals and circuit court." See State v. Talley, 2017 WI 21, ¶24, 373 Wis. 2d 610, 891 N.W.2d 390. "We independently review questions of subject matter jurisdiction and competency." City of Eau Claire v. Booth, 2016 WI 65, ¶6, 370 Wis. 2d 595, 882 N.W.2d 738.

## III. ANALYSIS

¶15 The dispute centers on the text of Wis. Stat. § 938.183(1), which provides:

Original adult court jurisdiction for criminal proceedings.

(1) JUVENILES UNDER ADULT COURT JURISDICTION. Notwithstanding ss. 938.12 (1) and 938.18, <u>courts of criminal jurisdiction have exclusive original jurisdiction</u> over all of the following:

(a) A juvenile who has been adjudicated delinquent and who is alleged to have violated s. 940.20 (1) or 946.43 while placed in a juvenile correctional facility, a juvenile detention facility, or a secured residential care center for children and youth or who has been adjudicated delinquent and who is alleged to have committed a violation of s. 940.20 (2m).

(am) A juvenile who is alleged to have attempted or committed a violation of s. 940.01 or to have committed a violation of s. 940.02 or 940.05 on or after the juvenile's 10th birthday.

(ar) A juvenile specified in par. (a) or (am) who is alleged to have attempted or committed a violation of any state criminal law in addition to the violation alleged under par. (a) or (am) if the violation alleged under this paragraph and the violation alleged under par. (a) or (am) may be joined under s. 971.12 (1).

(b) <u>A juvenile who is alleged to have violated any state criminal law</u> if the juvenile has been convicted of a previous violation following waiver of jurisdiction under s. 48.18, 1993 stats., or s. 938.18 by the court assigned to exercise jurisdiction under this chapter and ch. 48 or <u>if the court assigned to exercise jurisdiction under this chapter and ch. 48 has waived its jurisdiction over the juvenile for a previous violation and criminal proceedings on that previous violation are still pending.</u>

11

(c) A juvenile who is alleged to have violated any state criminal law if the juvenile has been convicted of a previous violation over which the court of criminal jurisdiction had original jurisdiction under this section or if proceedings on a previous violation over which the court of criminal jurisdiction has original jurisdiction under this section are still pending.

(Emphasis added.) The underscored text underlies the disagreement in this case.

¶16 The parties agree that "courts of criminal jurisdiction" means Wisconsin's circuit courts hearing criminal cases where defendants are prosecuted as adults. Likewise, the parties agree that "the court assigned to exercise jurisdiction under this chapter and ch. 48" means circuit courts hearing juvenile matters where juveniles may be adjudicated delinquent under the Juvenile Justice Code. The dispute is whether "the court assigned to exercise jurisdiction" i.e., the juvenile court waiving jurisdiction, means only the specific circuit court where the juvenile was waived. That is, does the statutory language confine previous waivers to specific counties so that a previous waiver under Wis. Stat. § 938.183(1)(b) in Milwaukee County Circuit Court confers exclusive original jurisdiction only on the courts of criminal jurisdiction in Milwaukee County.

¶17 When interpreting a statute, we start with the language of the statute, and if the meaning of the text is plain, we need go no further. State ex rel. Kalal v. Circuit Court, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.

12

"Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning."  Id.  In determining the meaning of the text, context and the statute's structure are important so that the words are not viewed in isolation, but are considered together with "closely-related" statutes.  Id., ¶46.  The goal is to interpret the statute in a reasonable way, which avoids "absurd or unreasonable results."  Id.

¶18 We also attempt "to give reasonable effect to every word, in order to avoid surplusage," id., and apply the fundamental canon of statutory construction that "[n]othing is to be added to what the text states or reasonably implies[.]" Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 93 (2012); see also Dawson v. Town of Jackson, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d 316 ("We decline to read into the statute words the legislature did not see fit to write.").  "[R]ather, we interpret the words the legislature actually enacted into law."  State v. Fitzgerald, 2019 WI 69, ¶30, 387 Wis. 2d 384, 929 N.W.2d 165.

¶19 We start, then, with the language of Wis. Stat. § 938.183(1) to see whether the meaning of the text is plain. Subsection (1) assigns "exclusive original jurisdiction" to "courts of criminal jurisdiction" over juveniles in five distinctly described circumstances as set forth in paragraphs (a), (am), (ar), (b), and (c).  Both of these phrases have common, ordinary, and well-known meanings.  "Exclusive original

13

jurisdiction" limits where the case can begin. "Courts of criminal jurisdiction" means courts that have jurisdiction to hear criminal cases. The Wisconsin Constitution specifically bestows circuit courts with "jurisdiction in all matters civil and criminal." Wis. Const. art. VII, § 8.[12] Consistent with the constitution, the legislature recognizes Wisconsin circuit courts as courts of criminal jurisdiction in Wis. Stat. § 753.03.[13] This court and our court of appeals have done so as

---

[12] Article VII, Section 8 provides:

Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law. The circuit court may issue all writs necessary in aid of its jurisdiction.

[13] Wisconsin Stat. § 753.03 provides:

JURISDICTION OF CIRCUIT COURTS. The circuit courts have the general jurisdiction prescribed for them by article VII of the constitution and have power to issue all writs, process and commissions provided in article VII of the constitution or by the statutes, or which may be necessary to the due execution of the powers vested in them. The circuit courts have power to hear and determine, within their respective circuits, all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court; and they have all the powers, according to the usages of courts of law and equity, necessary to the full and complete jurisdiction of the causes and parties and the full and complete administration of justice, and to carry into effect their judgments, orders and other determinations, subject to review by the court of appeals or the supreme court as provided by law. The courts and the judges thereof have power to award all such writs,

(continued)

14

well. City of Eau Claire, 370 Wis. 2d 595, ¶7; State v. Spanbauer, 108 Wis. 2d 548, 552, 322 N.W.2d 511 (Ct. App. 1982) (recognizing "the circuit courts of this state are given exclusive jurisdiction over all criminal matters"). All of Wisconsin's circuit courts, therefore, are courts of criminal jurisdiction.

¶20 The statute contains only two qualifiers within the text assigning "courts of criminal jurisdiction" "exclusive original jurisdiction" over certain juveniles. The first is the "notwithstanding" clause at the start of the sentence: "Notwithstanding ss. 938.12(1) and 938.18[.]" The two referenced statutes concern general juvenile jurisdiction under ch. 938, and the process for requesting waiver of general juvenile jurisdiction. Wisconsin Stat. § 938.12(1) assigns "exclusive jurisdiction" to juvenile courts handling delinquency petitions. Wisconsin Stat. § 938.18 provides the petition waiver and waiver hearing process, which may result in a decision to move a juvenile from juvenile court adjudication to adult court prosecution. The "notwithstanding" qualifier tells us that even though juvenile courts handling delinquency petitions have exclusive jurisdiction over juveniles under § 938.12(1), and even though a process exists to waive juveniles into adult court, the legislature assigned our criminal circuit

process and commissions, throughout the state, returnable in the proper county.

15

courts exclusive original adult jurisdiction over juvenile offenders in certain circumstances.

¶21 The second qualification for "courts of criminal jurisdiction" to have "exclusive original jurisdiction" over juveniles appears as described in the five paragraphs within Wis. Stat. § 938.183(1). Each paragraph describes a type of juvenile who will be subject to adult court jurisdiction in the criminal court.

¶22 Paragraph (b) applies to Hinkle and confers criminal court jurisdiction over "[a] juvenile who is alleged to have violated any state criminal law": (1) "if the juvenile has been convicted of a previous violation following waiver of jurisdiction under . . . s. 938.18 by the court assigned to exercise jurisdiction under this chapter and ch. 48," or (2) "if the court assigned to exercise jurisdiction under this chapter and ch. 48 has waived its jurisdiction over the juvenile for a previous violation and criminal proceedings on that previous violation are still pending." Wis. Stat. § 938.183(1)(b).

¶23 Hinkle interprets Wis. Stat. § 938.183(1)(b) as mandating automatic adult-court original jurisdiction only within the county in which a previous waiver occurred. In all other counties, the State would be required to request a waiver. In other words, Hinkle thinks only the criminal court in the specific county where the juvenile was waived can exercise adult jurisdiction over the juvenile based on the previous waiver. Because the waiving court was Milwaukee County, Hinkle argues § 938.183(1)(b) should not apply to his Fond du Lac case.

16

Instead, he believes the Fond du Lac County Circuit Court presiding over his 14-count delinquency petition should have conducted its own waiver hearing to determine whether to waive him into adult court or keep him in Fond du Lac's juvenile court system.

¶24 The statutory text does not support Hinkle's interpretation, which would require reading Hinkle's county-based restriction into the text. It is a cardinal "maxim[] of statutory construction . . . that courts should not add words to a statute to give it a certain meaning." Fitzgerald, 387 Wis. 2d 384, ¶30 (quoting Fond du Lac Cty. v. Town of Rosendale, 149 Wis. 2d 326, 334, 440 N.W.2d 818 (Ct. App. 1989)). Neither the statute's reference to "courts of criminal jurisdiction" nor its reference to "the court assigned to exercise jurisdiction under this chapter" refer to individual counties. If the legislature wanted to confine either "courts of criminal jurisdiction" or "the court assigned to exercise jurisdiction" to circuit courts within a particular county, it could have easily done so. The legislature could have limited adult court jurisdiction to "the particular county" or "the specific county" or "the individual county" where the juvenile had previously been waived. The legislature, however, did not, and "[w]e will not read into the statute a limitation the plain language does not evidence." Dane Cty. v. LIRC, 2009 WI 9, ¶33, 315 Wis. 2d 293, 759 N.W.2d 571; Fitzgerald, 387 Wis. 2d 384, ¶30 ("We do not read words into a statute regardless of how persuasive the source may be; rather, we interpret the words the

17

legislature actually enacted into law."); see also Scalia & Garner, Reading Law at 93 ("Nothing is to be added to what the text states or reasonably implies"); Iselin v. United States, 270 U.S. 245, 251 (1926) ("To supply omissions transcends the judicial function.").

¶25 Examining the context and structure of ch. 938 further defeats Hinkle's proposed county-by-county constriction of Wis. Stat. § 938.183(1)'s adult jurisdiction. Most of the provisions within ch. 938 address juvenile courts, and particular processes relating to their operation. Subchapter III, Wis. Stat. §§ 938.12-938.185, however, addresses jurisdiction in particular. The examples Hinkle posits about the use of "the court" as juxtaposed with "any court" in the non-jurisdictional portions of ch. 938 are not helpful in assessing the context and structure informing the interpretation of the jurisdictional section.

¶26 The legislature's use of the plural term "courts" as the place of exclusive original jurisdiction when a juvenile has been waived by the juvenile court shows the legislature did not limit this exclusive original jurisdiction to a specific county, but instead included all criminal courts across the state. The specific definition the legislature provided in Wis. Stat. § 938.02(2m) for the term "court" also supports this interpretation. It provides:

> "Court," when used without further qualification, means the court assigned to exercise jurisdiction under this chapter and ch. 48 or, when used with reference to a juvenile who is subject to s. 938.183,

18

> a court of criminal jurisdiction or, when used with reference to a juvenile who is subject to s. 938.17 (2), a municipal court.

Accordingly, "the court assigned to exercise jurisdiction" under ch. 938 means <u>all</u> the circuit courts across the state hearing juvenile matters——unless "further qualifi[ed]" because <u>all</u> juvenile courts exercise jurisdiction under ch. 938.  The definition does not interpose a county-specific qualifier on the term "court", but instead contemplates the legislature could "further qualif[y]" "the court" beyond this general definition. The legislature chose not to further qualify "the court" in Wis. Stat. § 938.183(1)(b) with any county-based limitation.

¶27  In addition, definitional paragraph (2m) further identifies "court" in "s. 938.183" specifically as "<u>a</u> court of criminal jurisdiction."  (Emphasis added.)  The generality of this reference further evidences that the legislature did not restrict the application of Wis. Stat. § 938.183(1) on a county-by-county basis.

¶28  Hinkle also relies on the purpose expressed by the legislature in Wis. Stat. § 938.01(2)(c):  "[t]o provide an individualized assessment of each alleged and adjudicated delinquent juvenile" and in § 938.01(2)(f) "[t]o respond to a juvenile offender's needs for care and treatment, consistent with the prevention of delinquency, each juvenile's best interest and protection of the public, by allowing the court to utilize the most effective dispositional option" as support for his county-specific interpretation.  He argues that a smaller community like Fond du Lac might be better suited to provide

19

individualized treatment for a juvenile than Milwaukee, and therefore Fond du Lac should not be bound by a Milwaukee waiver. While different counties across Wisconsin may handle juvenile waivers differently, that possibility cannot alter or supplement the plain language of the statute, which endows courts of criminal jurisdiction with exclusive original jurisdiction over a juvenile who has been waived by the juvenile court. Even textually-expressed purpose "cannot be used to contradict text or to supplement it" but instead, "[p]urpose sheds light only on deciding which of various textually permissible meanings should be adopted." Scalia & Garner, Reading Law at 57. The textual absence of the sort of county-based qualifier Hinkle would have us read into the statute——"what a text chooses not to do——are as much a part of its 'purpose' as its affirmative" expressions. Id. Respect for what the legislature omitted from the statutory text requires us "to reject the replacement or supplementation of text with purpose" and we do so here. Id. at 57-58.

¶29 As with any statute, we interpret the text of Wis. Stat. § 938.183(1) to mean what it says. The text plainly assigns exclusive original jurisdiction to courts of criminal jurisdiction over juveniles who fall under any of § 938.183(1)'s five paragraphs. Paragraph (1)(b) places a juvenile under adult court jurisdiction when the juvenile is "alleged to have violated any state criminal law" either (1) after a previous conviction following a waiver by the juvenile court; or (2) when the juvenile court waived its jurisdiction on a violation where criminal proceedings are still pending. Wis. Stat.

20

§ 938.183(1)(b). Hinkle met the requisites under para. (1)(b) because the juvenile court in Milwaukee waived its jurisdiction over Hinkle in favor of adult criminal court jurisdiction, and the Milwaukee criminal proceeding was still pending when Hinkle appeared before the Fond du Lac County Circuit Court on the 14-count delinquency petition.

¶30 We hold the text of the statute does not limit the adult court jurisdiction prescribed in Wis. Stat. § 938.183(1) to the individual juvenile court in the specific county where a juvenile was previously waived. Whenever a juvenile court exercising jurisdiction under ch. 938 (or ch. 48) has previously waived a juvenile——who is alleged to be in violation of any state law and that juvenile is either convicted or the criminal proceeding is still pending——courts of criminal jurisdiction anywhere in Wisconsin have exclusive original jurisdiction. The waiver by the juvenile court means that any pending or future violations by that juvenile must begin in adult criminal court pursuant to the exclusive original jurisdiction assigned to courts of criminal jurisdiction under Wis. Stat. § 938.183(1). Once waived, always waived.[14]

---

[14] Although the statutes say any pending or new criminal matters against a waived juvenile must always begin under adult criminal jurisdiction, Wis. Stat. § 970.032 provides two ways in which a juvenile may be returned to juvenile court jurisdiction. See Wis. Stat. § 970.032(1) (permitting the criminal court to return a juvenile to the juvenile system when no probable cause exists); and Wis. Stat. § 970.032(2) (allowing the criminal court that finds probable cause to transfer the juvenile back to juvenile jurisdiction under a reverse waiver analysis); see also State v. Kleser, 2010 WI 88, ¶128, 328 Wis. 2d 42, 786

(continued)

21

IV.   CONCLUSION

¶31   We hold Wis. Stat. § 938.183(1) conferred exclusive original adult criminal jurisdiction over Hinkle based on Milwaukee County Circuit Court's prior waiver.   The text of the statute does not impose a county-specific limitation for the "once waived, always waived" rule.   The Fond du Lac County Circuit Court properly relied on Milwaukee's waiver to move Hinkle from Fond du Lac's juvenile jurisdiction to Fond du Lac's adult jurisdiction.   Accordingly, the Fond du Lac County Circuit Court had competency to handle Hinkle's case prosecuting him as

---

N.W.2d 144.

While the phrase "once waived, always waived" does not appear in the statute, it is routinely used by attorneys and judges in the juvenile justice system in reference to the statute we interpret in this case.   The Juvenile Judicial Benchbook uses "once waived always waived" in two places, cautioning circuit courts that the "Judge should point out the 'once waived always waived' provision of Juv Justice Code" so in an uncontested waiver situation, the juvenile's decision to not contest the waiver petition is "knowing, voluntary and intelligent."   WISCONSIN JUDICIAL BENCHBOOK: JUVENILE, JV 5-9 & JV 5-18 (2019) (JV 5-18 same as JV 5-9, except refers to "new Juv Justice Code").   We use the phrase "once waived, always waived" as a convenient shorthand reference to the rule plainly expressed in the statutory text and nothing more.

an adult under the criminal code. We affirm the decision of the court of appeals.[15]

*By the Court.*—The decision of the court of appeals is affirmed.

¶32 BRIAN HAGEDORN, J. did not participate.

---

[15] Hinkle also maintains that his trial lawyer gave him ineffective assistance by failing to argue that Wis. Stat. § 938.183(1) should be interpreted to have a county-specific waiver limitation. To prove his lawyer was ineffective, Hinkle must show both that his lawyer acted deficiently and that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Sholar, 2018 WI 53, ¶32, 381 Wis. 2d 560, 912 N.W.2d 89. Hinkle cannot prove ineffective assistance because a trial lawyer's failure to raise a nonmeritorious issue "does not constitute deficient performance." See State v. Sanders, 2018 WI 51, ¶54, 381 Wis. 2d 522, 912 N.W.2d 16 ("[F]ailure to bring a meritless motion does not constitute deficient performance.").

Finally, the State asks us to hold that Hinkle forfeited his claims because he did not contemporaneously object to adult court jurisdiction or because he resolved the case by entering pleas. It is not necessary for us to address the State's forfeiture argument, and we decline to do so. See Water Well Sols. Serv. Grp., Inc. v. Consol. Ins. Co., 2016 WI 54, ¶33 n.18, 369 Wis. 2d 607, 881 N.W.2d 285 (cases should be decided on the narrowest possible grounds).

¶33 REBECCA FRANK DALLET, J. *(dissenting).* The majority opinion interprets Wis. Stat. § 938.183(1)(b) in violation of the very canons of statutory construction it purports to follow and substitutes a one-size-fits-all approach to juvenile justice. I read the language of § 938.183(1)(b) within the rules of statutory construction: in relation to the language of surrounding and closely-related statutes and in accordance with the Juvenile Justice Code's textually explicit purpose to individually assess each juvenile based on their needs and the availability of resources.[1] See Wis. Stat. § 938.01(2). Accordingly, I dissent.

¶34 The parties dispute the meaning of Wis. Stat. § 938.183(1) which provides, in relevant part, that "courts of criminal jurisdiction" have exclusive original jurisdiction over "[a] juvenile who is alleged to have violated any state criminal law . . . if the court assigned to exercise jurisdiction under this chapter and [Wis. Stat.] ch. 48 has waived its jurisdiction over the juvenile for a previous violation and criminal proceedings on that previous violation are still pending." § 938.183(1)(b) (emphasis added.) The parties agree that "courts of criminal jurisdiction" are circuit courts hearing criminal cases where defendants are prosecuted as adults. See majority op., ¶16. The dispute in this case lies in the meaning of "the court assigned to exercise jurisdiction" that has waived

---

[1] I, like the majority, will use the term "Juvenile Justice Code" to refer to Wis. Stat. ch. 938.

its jurisdiction over the juvenile for a previous violation. Is "the court" equivalent to "a" or "any" juvenile court in any county statewide? Or is "the court" the juvenile court in the same county where the new charges are filed? In other words, in the context of this case, does § 938.183(1)(b) confer exclusive original jurisdiction over Hinkle on <u>any</u> circuit court hearing criminal cases of adult defendants, or only on those courts in Milwaukee County, where juvenile jurisdiction over Hinkle was waived?

¶35 The majority concludes that "the court" is equivalent to "a" or "any" juvenile court in any county statewide, and bases its opinion on what it deems a common "practice" or "rule" of "once waived, always waived." <u>See</u> majority op., ¶¶1-2, 4, 9, 11, 30-31 & n.14. This "practice" provides little support for the majority's plain meaning analysis of Wis. Stat. § 938.183(1)(b), as it appears nowhere in the statutory language. Instead, it derives from a recommendation made by a legislative study committee that may not have been taken into consideration by the legislature. <u>See</u> Juvenile Justice Study Committee, <u>Juvenile Justice: A Wisconsin Blueprint for Change</u> 14-15 (Jan. 1995); <u>see also</u> Antonin Scalia & Bryan A. Garner, <u>Reading Law: The Interpretation of Legal Texts</u> 369, 376 (2012) (describing the "false notion" that committee reports are a worthwhile aid in statutory construction because "they are drafted by committee staff and are not voted on (and rarely even read) by the committee members, much less by the full house.") The only authority that the majority cites for the proposition

2

that "once waived, always waived" is "routinely used by attorneys and judges in the juvenile justice system" is the Juvenile Judicial Benchbook. Majority op., ¶30 n.14. The Benchbook alone is not independent legal authority and it provides no statute or case as authority for this "practice."[2] See Hefty v. Strickhouser, 2008 WI 96, ¶33 n.11, 312 Wis. 2d 530, 752 N.W.2d 820 (recognizing that the Benchbook "is not intended to stand as independent legal authority for any proposition of law.").[3]

¶36 Moreover, although the majority declares Wis. Stat. § 938.183(1)(b)'s meaning to be plain, or unambiguous, its reliance on an extrinsic source to determine the statute's meaning indicates otherwise. As we recently reaffirmed: "[W]e confine our analysis of unambiguous laws to their text." Milwaukee Dist. Council 48 v. Milwaukee Cty., 2019 WI 24, ¶18, 385 Wis. 2d 748, 924 N.W.2d 153; see also Town of Rib Mountain v. Marathon Cty., 2019 WI 50, ¶9, 386 Wis. 2d 632, 926 N.W.2d 731 ("'Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history.'" (quoted source omitted)). If § 938.183(1)(b)'s meaning is truly unambiguous, the majority

---

[2] It is noteworthy that the two sections of the Juvenile Justice Benchbook cited by the majority are the only portions of JV5: Waiver to Adult Court/Reverse Waiver where the citation is "Recommendation" rather than a statute or case.

[3] The first page of the Juvenile Justice Benchbook admonishes: "[t]he Wisconsin Judicial Benchbooks are not intended to be cited as independent legal authority."

3

would not need to focus on sources outside of the statutory language to determine its meaning. I recognize that the language of § 938.183(1)(b) is ambiguous because it reasonably gives rise to two different, competing meanings, as advocated for by the parties in this case. See State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, ¶47, 271 Wis. 2d 633, 681 N.W.2d 110.

¶37 In analyzing the statutory language of Wis. Stat. § 938.183(1)(b), I rely not on a common "practice" appropriated from the recommendation of a legislative study committee, but on the seminal case of Kalal, which instructs this court to begin a statutory interpretation analysis with the statute's plain language. Kalal, 271 Wis. 2d 633, ¶45. The statutory language is then examined "not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id., ¶46. Lastly, I look to the purpose or scope of the statute, which "may be readily apparent from its plain language . . . ." Id., ¶49.

¶38 My interpretation of Wis. Stat. § 938.183(1)(b) is informed by the two considerations ignored by the majority: the context of § 938.183(1)(b) in relation to surrounding and closely-related statutes and explicit statements of legislative purpose expressed in the Juvenile Justice Code. In statutes that surround or are closely-related to § 938.183(1)(b), the legislature differentiates between "the court" in a particular county and "a court" or "any court" in any county, which

4

demonstrates that these terms convey different meanings. "When the legislature uses different terms in a statute——particularly in the same section——we presume it intended the terms to have distinct meanings." Johnson v. City of Edgerton, 207 Wis. 2d 343, 351, 558 N.W.2d 653 (Ct. App. 1996). For example, Wis. Stat. § 938.35(1) requires "[t]he court" to enter a judgment setting forth "the court's" finding and disposition in the proceeding, and § 938.35(1)(b) allows that record to be admissible "[i]n a proceeding in any court assigned to exercise jurisdiction under this chapter and ch. 48." (Emphasis added.) "The court," the juvenile court entering judgment in a particular county, is thus distinct from any juvenile court in any county where the record is admissible.

¶39 Similarly, in the context of records, Wis. Stat. § 938.396(2g)(gm) provides that upon request of "any court assigned to exercise jurisdiction . . . the court assigned to exercise jurisdiction . . . shall open for inspection . . . its records . . . ." (Emphasis added.) Here the legislature distinguishes "any court," any juvenile court in any county, from "the court" in the county that is the custodian of the records. Likewise, in § 938.396(2m)(b)1., the legislature contrasts "the court" assigned to exercise jurisdiction under the Juvenile Justice Code with "any other court" assigned to exercise jurisdiction under the chapter.[4] (Emphasis added.) The

---

[4] Further examples include Wis. Stat. §§ 938.028(3), 938.341 and 938.37(1), all of which refer broadly to "a court" to encompass any juvenile court.

5

legislature chose to use the term "the court" in Wis. Stat. § 938.183(1)(b), thereby giving it a meaning distinct from "any" or "a" court.

¶40 The majority claims that because Wis. Stat. § 938.183 addresses jurisdiction, other sections unrelated to jurisdiction are "not helpful" in assessing context and structure. Majority op., ¶25.[5] The majority cites to no authority for this novel proposition that limits this court's review of statutory context. Instead, the majority looks to a section unrelated to jurisdiction which defines the word "court" "when used without further qualification" as "the court assigned to exercise jurisdiction under this chapter . . . ." Wis. Stat. § 938.02(2m) (emphasis added). In this case, our task is to resolve the meaning of "court" when it is qualified by the word "the" in the context of § 938.183(1)(b). Simply applying the definition of "court" in § 938.02(2m) begs the question of which court is "the court assigned to exercise jurisdiction" under § 938.183(1)(b).

¶41 Finally, I read Wis. Stat. § 938.183(1)(b) in accordance with the Juvenile Justice Code's textually explicit purpose, which requires a circuit court to individually assess

---

[5] The majority overlooks a statute related to jurisdiction where "courts," "the court," and "a court" are juxtaposed: Wis. Stat. § 938.17. Section 938.17 gives "courts of criminal and civil jurisdiction" exclusive jurisdiction in proceedings against juveniles for specific vehicle violations. (Emphasis added.) The statute subsequently refers to a juvenile being charged in "a court of criminal or civil jurisdiction" and in a successive subsection refers to "the court." (Emphasis added.)

6

each juvenile based on their needs and the availability of resources. The Juvenile Justice Code characterizes the following as "important purposes": "provid[ing] an individualized assessment of each alleged and adjudicated delinquent juvenile" and "respond[ing] to a juvenile offender's needs for care and treatment, consistent with the prevention of delinquency, each juvenile's best interest and protection of the public, by allowing the court to utilize the most effective dispositional option." Wis. Stat. §§ 938.01(2)(c) and (f). Wisconsin Stat. § 938.18(5)(c) further requires each court evaluating waiver to adult court to consider "[t]he adequacy and suitability of facilities, services and procedures available for treatment of the juvenile and protection of the public within the juvenile justice system." As the majority acknowledges, this explicit textual purpose "sheds light . . . on deciding which of various textually permissible meanings should be adopted." Majority op., ¶28. The meaning adopted by the majority contradicts the explicit purpose of the Juvenile Justice Code and prevents a circuit court from making the statutorily required individualized assessment of what is in the "best interests" of the juvenile and the public in light of available resources. See §§ 938.18(5) and (6).

¶42 I conclude that Wis. Stat. § 938.183(1)(b) is ambiguous because it is "capable of being understood by reasonably well-informed persons in two or more senses." Kalal, 271 Wis. 2d 633, ¶47. I adopt Hinkle's interpretation because he reads the language of § 938.183(1)(b) within the rules of

7

statutory construction: in relation to the context of the Juvenile Justice Code and its textually expressed purpose. See Student Ass'n of Univ. of Wisconsin-Milwaukee v. Baum, 74 Wis. 2d 283, 294-95, 246 N.W.2d 622 (1976) (explaining "the purpose of the whole act is to be sought and is favored over a construction which will defeat the manifest object of the act.").

¶43 A Milwaukee County Circuit Court's waiver of juvenile jurisdiction over Hinkle does not confer exclusive original jurisdiction on a Fond du Lac County Circuit Court hearing criminal cases of adult defendants. Therefore, I would remand the case to the Fond du Lac County Circuit Court to allow Hinkle to withdraw his plea and to vacate the Fond du Lac County order waiving juvenile court jurisdiction.

¶44 For the foregoing reasons, I respectfully dissent.

¶45 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.